8799

## TEDDARS v. SOUTHERN RAILWAY CO.

### (81 S. E. 474.)

CARRIER OF PASSENGERS.   EJECTION OF PASSENGER.   INSTRUCTION AS TO
  PREPONDERANCE OF EVIDENCE.

1. Where a passenger informed the conductor that he had purchased a
   ticket to a certain point, but that the agent negligently gave him
   a ticket to a nearer point, it was the duty of the conductor to heed
   the explanation and investigate its truth; and, if he ejected the pas-
   senger, and the explanation later turned out true, the carrier would
   be liable.

2. When a dispute arises between a railroad conductor and passenger
   as to the ticket or fare, it is the duty of each to give all information
   to the other that each possesses to aid in the settlement of the dis-
   pute, and to give heed to reasonable explanations of the other.

3. Where the Court charged the jury as to the burden of proof, and,
   at the request of counsel for the opposite parties, charged as to the
   preponderance of evidence and the credibility of witnesses, and the
   whole charge could not have misled the jury as to their power and
   duty in the case, any trivial or technical errors in the charge are not
   prejudicial.

Before SHIPP, J., Greenwood, September, 1913. · Af-
firmed.

Action by J. H. Teddars against Southern Railway Com-
pany.   From a judgment on verdict for plaintiff, defendant
appeals.

The charge of the Circuit Judge, excepted to, was as
follows:

"Now, Mr. Foreman, I charge you, as a matter of law,
where a person purchases a ticket from one point on a rail-
road company's line to another point, and pays the usual
fare—the usual fare charged by the company for such pas-
sage, why, when he boards a train designed for the handling
of passengers, that he has a legal right to passage on such
train between the points covered by the ticket he purchases
from the railroad company, and it is the duty of the railroad

company to treat the passenger with the utmost care, comfort and safety. That applies to passengers that are lawfully on the train.

"One of the issues in this case for you to decide, in fact the principal issue, is, did the plaintiff purchase of the defendant company or its agent, a ticket from Columbia to Greenville? That is one of the questions in this case. If he did that, what kind of a ticket did he get? Did he get the ticket he called for and paid for? If he paid the usual price for a ticket from Columbia to Greenville, that would entitle to passage from Columbia to Greenville. So that is one of the questions for you to decide. Now, if he bought and paid the usual price for a ticket from Columbia to Greenville, and the ticket agent made some mistake about the ticket, why, the passenger would have a right to rely upon the ticket furnished him by the company or its agent. If, however, there was a mutual mistake—if the ticket agent in Columbia gave him a ticket to Newberry and charged him only the usual fare from Columbia to Newberry, the passenger would only be entitled to ride from Columbia to Newberry, and the company would have a right to demand additional fare from Newberry to Greenville. Of course, if the ticket agent intended to give him a ticket to Greenville, if the plaintiff knew that, and the agent gave him a ticket only to Newberry, and he did not pay for a ticket only to Newberry, he would not be entitled to ride further than Newberry, and it would be his duty, on demand of the company, to pay fare from Newberry to Greenville, if he was going to Greenville. Those are questions of fact for you. But if he paid fare from Columbia to Greenville and they furnished him a ticket to Newberry, he had a right to rely on the ticket furnished him, and if the conductor ejected him, then such ejectment would be wrongful, but that depends upon whether or not he paid the ticket agent in Columbia full fare from Columbia to Greenville.

"Now, I have been requested by the plaintiff to charge you certain propositions of law.    The first request is:

" 'I charge you that if a passenger pays the required fare for transportation from one point on the line of a common carrier to another point, and if the agent of the carrier delivers to such prospective passenger a paper purporting to be a ticket giving the right of transportation to the destination designated by the prospective passenger, then such passenger is entitled to ride to such destination, and if the agent of the carrier selling the ticket made any mistake in the form of the ticket, it would nevertheless be the duty of the carrier to consider the explanations of the passenger and to make investigation, and if under such circumstances the passenger were ejected from the train, the carrier would be liable in damages for wrongful expulsion.'

"I charge you that.    I also charge you in this connection that when a dispute arises between a passenger and the conductor as to the regularity of the passenger's ticket, then it is the duty of the conductor to heed any reasonable explanation that the passenger might make, and if the passenger makes a correct statement, if it turns out that the passenger made a correct statement to the conductor in explanation, the conductor expels him, why, then the company would be responsible for any damage resulting from the wrongful expulsion.    If, however, the conductor heeds the explanations of the passenger and it turns out that those explanations were untrue, why, the company or the conductor would have a right to expel the passenger.    In other words, if the passenger was wrongfully on the train, the conductor would have a right to expel him from the train, if the passenger refused to pay for his passage.

"Where a dispute arises between a passenger and the conductor, and the passenger offers an explanation, it is the duty of the conductor, before expelling him, to make a reasonable investigation to ascertain if the passenger's explanation is correct or incorrect.    If it appears that he failed to

investigate, and it appears that the passenger's explanation was correct, then the expulsion would be wrongful. If, however, after reasonable investigation it turns out that the passenger's explanation was untrue, that he was wrongfully on the train, the conductor would have a right to expel him. If a passenger is wrongfully on a train, even if the conductor does not make an investigation, he would have a right to eject him. So the question turns on whether or not the passenger is rightfully on a train. So if the passenger in this case was rightfully entitled to ride from Columbia to Greenville, why, then, if he expelled him under those circumstances, the expulsion would be wrongful, and the company would be responsible for any damage the passenger suffered. If, however, the plaintiff had paid his fare only to Newberry, and was endeavoring to ride to Greenville on a ticket entitling him only to go to Newberry, upon demand on the part of the conductor to pay additional fare to Greenville, and upon his refusal to do so, then the company would have a right to eject him, using only such force as was reasonably necessary to affect the expulsion.

"So that the case depends, to a large extent, upon what your conclusions are as to whether or not he purchased a ticket in Columbia. If he purchased a ticket in Columbia, did he purchase a ticket to Greenville?

"Now, it is the duty of the plaintiff in this case to satisfy you of the truth of the allegations in his complaint by the greater weight or preponderance of the testimony. If he establishes his case by the greater weight or preponderance of the testimony, why, then, he would be entitled to recover, If, on the whole case, there is an even balance of the testimony in your minds, plaintiff fails to make out his case by the greater weight of the testimony—if, after considering all the testimony in the case, there is an even balance of testimony in your minds, plaintiff fails to make out his case by the greater weight of the testimony, and it would be your duty to find a verdict for the defendant, because the plaintiff

must prove his case by the greater weight or preponderance of the testimony.

"The Court: Anything else?

"Mr. McSwain: Your Honor, have you explained to them the meaning of preponderance of the testimony; that it is not the number of witnesses that constitute preponderance of testimony, but the testimony that the jury believes.

"The Court: Mr. Foreman, when speaking about the greater weight or preponderance of the testimony, we are not speaking about the number of witnesses who testify on either side in a case, but it is that kind of testimony in the case that brings conviction to your minds; that kind of testimony which satisfies you and helps you to arrive at what you believe to be correct and drives conviction. It is that testimony in the case which brings conviction to your minds. It does not make any difference whether one witness testifies against twenty witnesses or twenty against one, but it is that testimony which you believe and brings conviction to your minds. That is what we mean by greater weight or preponderance of the testimony.

"Mr. Dean: Credibility of witnesses.

"The Court: You are the sole judges of whether or not a witness is telling the truth. You are the judges of the credibility of the witnesses who testify. Take into consideration their manner on the stand, interest in the result of the suit, and opportunity for knowing of what they speak."

*Messrs. Cothran, Dean & Cothran,* for appellants, sought to review the case of *Smith* v. *Ry. Co.,* 88 S. C. 421, and cite, note: 41 Am. Dec. 475; 9 L. R. A. 727; 17 L. R. A. 800; 3 C. C. A. 23; 6 U. S. App. 298; 52 Fed. 197; 135 Mass. 407; 46 Am. Rep. 481; 179 Mass. 242; 60 N. E. 81; 83 Md. 245; 34 Atl. 880; 53 Mich. 118; 18 N. W. 580; 175 N. Y. 281; 62 L. R. A. 357; 96 Am. St. Rep. 619; 67 N. E. 569; 189 Ill. 384; 52 L. R. A. 626; 82 Am. St. Rep. 460; 59 N. E. 794; 134 Mich. 591; 96 N. W. 925; 34 W. Va.

65; 9 L. R. A. 132; 26 Am. St. Rep. 913; 11 S. E. 737; 117 Ala. 413; 23 So. 68; 6 Cyc. 551; 5 Am. & Eng. Enc. Law 594; 28 Am. & Eng. Enc. Law 156; 4 Elliott R. R. 1594; 2 Hutch. Carriers 1039. *Charge on preponderance of evidence erroneous:* 82 S. C. 486; 71 S. C. 58; 121 Pac. 452; 45 Pac. 867; 36 Atl. 909; 89 Me. 441; 36 S. W. 909; 137 S. W. 568. *Number of witnesses to be considered in determining preponderance of testimony:* 154 Ill. App. 421; 82 N. E. 407; 229 Ill. 621; 132 Ill. App. 280; 147 Ill. App. 291; 132 N. Y. S. 338; 177 Fed. 970; 18 Ill. App. 404; 41 N. J. Eq. (14 Stew.) 422; 4 Atl. 781.

*Messrs. J. J. McSwain* and *Tillman & Mays,* for respondent, cite: 88 S. C. 421; Crim. Code, secs. 678, 672, 676; Wigmore Ev., secs. 2033, 2498, 1013, 2034.

April 21, 1914.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action for damages for an alleged wrongful ejection of plaintiff, a passenger on defendant's train from Columbia to Greenville, at Chappells, S. C., on June 3, 1912. The cause was heard before Judge Shipp, and a jury, at the September term of Court for Greenwood county, 1913, and resulted in a verdict for the plaintiff for $500. After entry of judgment, defendant appeals.

The first exception complains of alleged error in the Judge's charge in reference to the duty of the carrier when a dispute arises between the carrier and the passenger as to the right of the passenger to transportation, and is as follows: "The presiding Judge erred in charging the jury that in every case of dispute between a passenger and a carrier as to his right of transportation it is the duty of the carrier to heed the reasonable explanation of the passenger and to investigate the same; that if the carrier fails to investigate, and it turns out that the passenger's explanation

was true, the ejection would be wrongful; that the ejection is only lawful where, after investigation, the passenger's explanation is shown to have been false. Specifications: (a) The duty to investigate depends upon the character of the passenger's explanation, the facts and circumstances he details; they may be, and in the case at bar they were, of such a character as to render an investigation impracticable and even impossible without serious embarrassment to the movement of the train and subsequent inconvenience to the other passengers; (b) such rule applied to the facts of this and establishing a precedent in all similar cases, would seriously embarrass the revenues of the carrier by placing it in the power of all persons so disposed to defraud the carrier and secure transportation for which they have not paid; (c) such rule applied to the facts of the case at bar, takes no account of the obstructive, obstinate, and unreasonable conduct of the passenger. The plaintiff claimed to have in his pocket at the time of the dispute a receipt from the defendant's agent in Columbia for his fare from Columbia to Greenville, which he would not produce; common honesty and fairness required him to do so and not throw upon the carrier the duty of conducting upon independent lines for itself an investigation which, under the circumstances, was impracticable and even impossible without serious embarrassment to the movement of the train and consequent inconvenience to the other passengers; (d) such rule makes the right to eject a passenger depend upon the carrier's ascertainment that the passenger's explanation was false; whereas, the carrier has a right to eject a passenger who does not present evidence of his right to ride and refuses to pay fare, when he obstinately fails or refuses to present such evidence in his possession, or where he offers an explanation which in the nature of the case cannot be investigated without serious embarrassment to the movement of the train and consequent inconvenience to the other passengers."

This exception will have to be overruled, as we think his Honor followed the law as laid down in *Smith* v. *Railway Co.*, 88 S. C. 421, 70 S. E. 1057, which doctrine, as laid down by the Court in that case was reaffirmed in the case of *Campbell* v. *Southern Railway*, 94 S. C. 95, 77 S. E. 95, and the doctrine fully established that "the rule requiring the conductor to heed the reasonable explanation of the passenger, instead of allowing him to demand the payment of the fare on pain of expulsion from the train, works less hardship, inconvenience, and expense on the carrier than the opposite rule would on the passenger, for it is generally an easy matter for the conductor to ascertain whether the explanation of the passenger is true or false, because the stations along the railroad are nearly all connected by telephone, or telegraph lines, which the agents of the company use, with little trouble, and at little or no expense. It is a serious matter to expel a passenger from a train. It subjects him to humiliation and is calculated to wound the feelings of any self-respecting passenger. Therefore the law allows punitive damages for the wrongful expulsion of a passenger and also for compelling him to pay money under threat of wrongful expulsion. *Myers* v. *Railway*, 64 S. C. 514, 42 S. E. 598; *Tollerson* v. *Railway*, 88 S. C. 7, 70 S. E. 311. Consequently the law is, that the carrier must be allowed to resort to so harsh and extreme a measure only at the peril of being able to justify it." In the case at bar there is no question but that the party who sold ticket to plaintiff at Columbia was the agent of the defendant, and if plaintiff called for a ticket to Greenville, and paid for it, and by reason of the negligence of defendant's agent failed to furnish him a ticket to Greenville, but gives him one to Newberry, this would not allow another agent of the company, a conductor, or ticket collector, to wrongfully expel him from the train. If he bought a ticket to Greenville and by negligence or mistake was only furnished one to Newberry, after leaving Newberry, when

called upon for further fare, it was the duty of the ticket collector to heed the reasonable explanation of the passenger. The ticket collector is not required to accept as true any plausible explanation of the passenger, but to heed the reasonable explanation and arrive at the truth as best he can by the means at his disposal, whether by use of telephone or telegraph, or statements of other witnesses, or any facts or circumstances that corroborate the explanation of the passenger, and there is a reciprocal duty on the part of the passenger to furnish to the conductor, or ticket collector, any information within his possession to substantiate his explanations and elucidate the same, or any fact or circumstance that he knows of that will throw any light on the transaction. It is the duty of both conductor or ticket collector, and passenger to discuss their differences in a calm, courteous, and polite manner, and to mutually aid each other in arriving at a conclusion by furnishing each to the other any information as to the purchase of ticket that either may know of in reference to the same. It would be well for the purchaser of a ticket, if he has the time, to examine it to see that he is getting what he called for, and if he fails to do this, in making his explanation to ticket collector, explain why. We see no error on the part of his Honor as complained of in this exception, and the exception is overruled.

The second, third and fourth exceptions complain of error on the part of his Honor in reference to the preponderance of the evidence, and challenge the correctness of the same. We have examined his Honor's charge as a whole, and find no prejudicial errors therein such as would warrant a reversal on errors in his charge. In his general charge he stated in his own language that the plaintiff was required to make out his case by the greater weight of the testimony, or if there was an even balance of testimony in jury's mind, after considering the whole case, the defendant would be entitled to a verdict, and even when he was requested by Mr. McSwain, plaintiff's counsel, after

this, to explain the meaning of preponderance of the testimony, and he did so, and afterwards requested by Mr. Dean, defendant's counsel, as to the credibility of witnesses, and did so, his charge and explanation could not have misled the jury as to their power and duty in the case, and could not be prejudicial to either side. In *Davis* v. *R. R.,* 75 S. C. 307, 55 S. E. 526, the Court has this to say: "It would greatly embarrass the practical administration of the law for the appellate Court in reviewing charges to the jury to become hypercritical or a stickler for the technical rules of philology in every phrase and clause and reverse verdicts for some loose expression or slight misuse of a word when the general import of the charge stated the law. Any portion of a charge to which exception is taken should be fairly construed with reference to the clear tenor and import of the whole and as an effort to explain the law of a case to men of ordinary or average education and intelligence. The average juryman has little knowledge and less concern about fine distinctions, but generally has a desire and capacity for sufficient information to enable him to do substantial justice between the parties." His Honor left it to the jury to say, under all of the facts and circumstances of the case, whether their verdict should be for the plaintiff or defendant, and instructed them clearly that the plaintiff was required to prove his case by the greater weight or preponderance of the evidence. Exceptions overruled.

Judgment affirmed.

MR. JUSTICE FRASER, *dissenting.* I can not concur in the opinion of the majority.

If the plaintiff had refused to show his ticket, even though he had paid his fare, he would have been properly ejected. If he had on his person other convincing evidence that he had paid his fare, I do not see why he is not required to show it.

It seems to me that it was error to charge that the preponderance of evidence is that evidence which produces conviction. When Courts resort to preponderance of evidence, conviction is excluded. On the criminal side of the Court the State must produce evidence that convinces. The defense is made out by evidence that preponderates. Evidence for the defense may, by preponderance, raise a reasonable doubt. To define preponderance as evidence that convinces, would require the defendant to produce evidence to convince and not to raise a reasonable doubt. The effect is different in the Court of Sessions, but the term "preponderance of the evidence" means the same thing in both Courts. It is true, his Honor elsewhere states the true rule, but this is stated last and much emphasized.

I think it is error to say, as an absolute proposition: "It makes no difference whether one witness testifies against twenty or twenty against one." It may make no difference, but then again it may make a very great difference. One truthful witness may be believed against any number of untruthful witnesses. If one witness of unimpeachable integrity testifies one way, and two witnesses of equally unimpeachable integrity testify to the contrary, could it be said that two would not outweigh one? Now make the number twenty to one; can it still be said that it makes no difference? A just man would say that one man was mistaken, but he would believe the twenty. The one may have an opportunity to observe that the twenty did not have; circumstances may sustain this one, but to say without qualification that numbers make no difference is, I think, error.

FOOTNOTE—On the question of the duty of a passenger to pay fare wrongfully demanded in order to avoid expulsion, see notes in 43 L. R. A. 706, and 34 L. R. A. (N. S.) 282.