10007.

### ENLEE *ET AL.* v. SEABOARD AIR LINE RY.

(96 S. E. 490.)

1. TRIAL—INSTRUCTION.—The purpose of Const., art. V, sec. 26, is to prevent trial Judge from intimating to jury his opinion of case, what weight should be given to evidence, and participating in any manner with jury's finding of fact.

2. TRIAL—EJECTING FROM TRAIN—INSTRUCTION.—In action by passenger, alleging that he paid for two tickets, but, through carrier's negligence, only received one, that he and his wife were ejected from train, and that conductor declined to listen to a reasonable explanation, an instruction as to such matters *held* not on weight of evidence in favor of plaintiff.

Before PRINCE, J. Richland, Fall term, 1917. Affirmed.

Action by Charley N. Enlee and Dasey Belle Enlee against the Seaboard Air Line Railway. Judgment for plaintiffs, and defendant appeals.

The charge was as follows:

Mr. Foreman and Gentlemen of the Jury: The plaintiffs come into Court, and complaining of the defendant by their complaint, allege against the defendant that at the time mentioned in the complaint they sought to obtain transportation from the Seaboard Railway from Columbia, S. C., to Orangeburg, S. C. It is alleged that they asked the ticket agent of the defendant company for two tickets to Orangeburg. It is alleged he told them $2.50 was the fare —in their complaint—for two tickets to Orangeburg. It is alleged that they paid the $2.50, and that the defendant company, through its agent, gave them one ticket with two

subdivisions in the ticket, which they took in good faith as evidence of their right to transportation entitling them to ride in accordance with the amount of money they paid, and that they boarded the defendant's passenger train; that when they got in 3½ or 4 miles from Columbia they were informed by the conductor that it entitled one of them to ride; that the ticket furnished only gave the right to one passenger to ride. It is alleged by the plaintiffs that they then explained to the conductor that they were both entitled to ride, or to transportation for two, or that they had paid for two, but that the conductor claimed they only had evidence of the right of one to ride upon the train as a passenger, refusing to take them both on the ticket they had, and ejected them. It is alleged he gave them the option for one to go on, but refused to take them both on the ticket, and that they were ejected. They allege that this was wilfully and wantonly done, not only negligence on the part of the ticket agent, but wilful and wanton on the part of the conductor.

Now, the defendant comes in and denies that they paid for two tickets, and denies that they acted wilfully or wantonly; alleges that they only had the evidence of the right to transport one on that ticket, and that he had not paid the defendant company for two tickets, and that the company had no right to transport both of them on that ticket, or for the amount of money they paid; that, therefore, they had a legal right to eject them, and was not guilty of any wrong in ejecting them, since they offered to take one.

At the close of the testimony the defendant made a motion for the direction of a verdict as to one of these people, under the testimony. You heard me rule that, if the testimony showed that the husband purchased the ticket, whether he paid the price of one or two made no difference. The witness concurred that he selected that his wife should go on the ticket when the conductor took the position that only one could ride on the ticket, and it was his wife's own option

when she left the train with her husband.   Therefore, I advised counsel on both sides I would direct you not to find a verdict for the wife, because she voluntarily got off when it was not necessary for her to get off.

The question is this: How much money was paid to the railroad?   In this case I will leave for you to consider his rights in the case.   Has the plaintiff satisfied you by the greater weight of the evidence—has he satisfied you that he paid for two tickets?   If he did, and if the agent negligently failed to furnish him the ticket he paid for on the Seaboard, both for himself and wife, the right of transportation for two passengers, then the railroad was at fault.   I charge you that, unless there was something to call the attention of a passenger to the fact that probably a mistake was made, he has the right to assume that the ticket they gave him was the proper evidence of his right to the transportation which he paid for.   You are not bound to read your ticket.   If you do read it, and see that the agent made a mistake, it is your duty to call attention to it; but you are not bound to read it. If you pay for the ticket, for illustration, to Charleston, paid the price, and the agent, through mistake, only furnished ticket to Orangeburg, it is the railroad's negligence that you haven't got the evidence of your right to transportation to Charleston, the point to which you had paid.

Mr. Foreman, the knowledge of the railroad through its ticket agent that transportation had been paid for is knowledge to the conductor, whether he actually knows it or not; in other words, the company is just as bound as it would be had the conductor known it; the company knew it.

Now, if the man had paid two fares, he was entitled to transportation.   If he did—I don't mean to intimate he did in this case—that is up to him to prove he did by the greater weight or preponderance of the evidence.   Has he satisfied you he bought two tickets, that he bought the right of transportation for two persons from Columbia to Orangeburg? Then, if he did, he was entitled to proper evidence of that

fact, and if through negligence he was not furnished with proper evidence of that fact, the conductor, as far as that person is concerned, rightfully ejected him; but if the railroad wrongfully did it, the railroad would be liable to him for actual damages. But, Mr. Foreman, if you should find by the greater weight of the testimony that he notified the conductor before his ejectment that he made a statement to the conductor, and the conductor, without investigating the statement, ejected him, I charge you, Mr. Foreman, if he had paid two fares, that when the conductor would not listen to any reasonable explanation he made, the conductor took the risk for his company, the risk of the plaintiff being right; it was his business right then and there to have investigated the matter. Now, you cannot hold—the company cannot be held for punitive damages if it should turn out he was right, unless the plaintiff had paid two fares he has got no case. If he did he has got a case for actual damages, but if he told the conductor of the facts about it, and the company ejected him without investigation, then, the railroad would be liable, not only for actual damages, but punitive damages. That is the law, under the cases cited in this State, that where a railroad has a reasonable opportunity to investigate the statement of a passenger and fails to exercise it, it takes the risk of the passenger being right, and if it should turn out that the passenger was right, then the railroad would be liable for punitive damages. · What are actual damages; what may be considered by you in determining the amount of actual damages? First, if you may take into consideration: He has got no case unless he paid two fares. If he did pay two fares, and was allowed one transportation for two fares, then the money he paid for the other fare that he was not permitted to get the benefit of, he would be entitled to recover the amount of that money with reasonable interest, 7 per cent., from the time he paid for that ticket until now. That is one item of actual damage. Another item of actual damages, you may say, what was it reasonably

worth to walk over three miles in the rain, or whatever distance it was necessary for him to walk, may not be necessary for him to walk all the way to Columbia. That is a question for you, only entitled to reasonable compensation for having to walk. Of course, in considering that you may consider the condition of the weather. You may consider any loss of time. Now, I was about to say any loss of earning. There is no testimony to show that he did lose any earning; therefore that cannot be considered. Now, those are the things that can be considered as actual damage. Now, if he told the conductor what he alleges in the complaint, that he had paid for two fares, for the right of transportation for two persons, and it was the ticket agent's mistake, if there was any mistake, that he didn't have the evidence of that fact that he had paid for two transportations, and not his fault, but the agent of the company's fault, and if the conductor failed to investigate, then the conductor took the risk of his being right, and if he was right, the defendant company is liable to him for punitive damages.

What may you consider for punitive damages? Punitive damages are never predicated on mere negligent act, any wrong the result of mere negligence, unless the negligence was so gross as to imply a reckless disregard of his right, a form of recklessness that if the company was reckless it was wilful. And in conisdering that you will remember I charge you that the knowledge of the ticket seller is knowledge of the company, and it doesn't make a particle of difference whether the conductor knew it or not; the company knew it. If he had bought and paid for two, the right of transportation for two people, the company knew it, and knowledge of the company is knowledge of its agent, but the agent is not sued. But the question is whether the company knew it or not. The conductor's business is, as our Supreme Court has said, when a passenger makes a reasonable explanation, the conductor had to investigate before he ejects him, where he has the opportu-

nity to do so, and he takes the risk if he fails to do so; he takes the risk of the passenger being right, and if the passenger is right, then the company is wrong. So the question for the jury, then, is whether the act of the conductor was then reckless or wilful so as to hold his company responsible for punitive damages. What is the object of punitive damages, not so much to compensate the party who is injured through the wilful or reckless disregard of his right by another, but it is for the purpose of punishing; it is for the purpose of setting an example so as to warn other wrongdoers, conscious reckless wrongdoers. What they might expect at the hands of a jury if they consciously or reck-lessly invaded the rights of citizens. What may be adequate punishment is entirely in your judgment, except you cannot allow both actual and punitive damages in case the amount exceeds $2,000, because that is all the plaintiff alleges in this case. We never allow on this side of the Court more than a plaintiff claims. Don't care even if the evidence would warrant a greater amount. Never give a fellow more than he asks. In his complaint he has limited himself in this case to $2,000. You couldn't give more than that, even if the evidence would warrant it. At any point between 1 cent and $2,000, if he has proven his right to recover at all, you can fix the verdict. It must not be an arbitrary one, but reasonable, predicated on the evidence.

It is not a question of how much would you like to give a plaintiff, but how much you ought to give him under the allegations, the pleadings, and proof in the case. That's it. You are to act honestly, you are to act fairly, you are to give these parties, both plaintiff and defendant, a square deal (pardon the slang); you know what that means. Treat them fairly. And if plaintiff has proven his right to have only actual damages, then find a verdict for actual damages; if he has proven his right to recover both actual and punitive damages, then find both actual damages and punitive damages for him; state how much actual damages and how much

punitive damages.   I want you to separate your verdict that way so I will know what you find in case I have to consider your verdict.   Now, if he has not satisfied you by the greater weight or preponderance of the evidence that he paid two fares, find a verdict for defendant.

Don't allow anything for being separated, damages for being separated from his wife, if he had been, as my distinguished friend argues to you, by being separated from his bride, etc.; that has got nothing to do with this case, has not a thing to do with it.   His rights as a passenger are all you consider.   Makes no difference whether he was a bank president or a cotton mill man.   His rights as a passenger are the same as a bank president would be as a passenger. If a bank president, under the same circumstances, under the same evidence, would be entitled to a verdict, then a cotton mill man would.   Does not make an difference who the citizen is.   You are only to consider his rights as a passenger; makes no difference who he is, in considering his rights as a passenger, provided he was rightfully on that train. He was rightfully there if he bought the right for transportation for two people.   If he bought the right of transportation for only one he was not rightfully there, and you will not allow him a cent; you will find for the defendant.   All testimony given by the witnesses that is credible amounts to evidence, that is relevantly, all relevant testimony that is creditable is evidence, and you have sworn you are going to try this case according to the evidence.

Now, take the record and go to your room, and write a verdict after applying the law as I have given you to the facts as you find them.   Write an honest verdict.

Now, I think I have charged all the law applicable to this case under the facts, under the allegations of the pleadings and the testimony.   If I have overlooked anything, counsel on either side can now have the privilege of calling my attention to it.

Mr. Lyles: I don't think you have overlooked anything.

Mr. Hammond: There is one part of your charge that my friend might not like, and that was you told the jury it was not a question how much they wanted to give the plaintiff, but a question as to how much they should give under the law and the evidence. I think it might be well to add, "if anything."

The Court: Yes; I mean if anything. If he did not pay the railroad for two passengers to ride on that train he has no cause. I don't mean to say he paid for two people to be carried on that train; I don't mean to intimate an opinion on that question; I don't know, and if I did know, I would not tell you. Write your verdict on the back of this red paper. I have never seen a red paper before containing the summons and complaint.

I have directed you not to find anything for the woman, the wife, so, if you find anything for the plaintiff, name the plaintiff; say, We find for the plaintiff—whatever the husband's name is. Leave the wife out; and that will show you haven't allowed her anything. I have told you not to allow her anything.

Now, as to the form of the verdict. If you find the plaintiff has not shown his right to recover at all by the greater weight of the evidence in this case, the form of the verdict will be, we find for the defendant. Now, if you find for the plaintiff both actual and punitive damages, the form of the verdict will be, We find for plaintiff so many dollars, naming the amount, so much money, writing it out in words, and not figures, actual damages, and if you allow both, say, and so much money punitive damages; and the aggregate of the two amounts must not exceed $2,000. You will find for the defendant, unless it exceeds more than 1 cent, because wouldn't have any denomination of money with which to pay it. If you find for the plaintiff, but not as much as a cent, don't find anything; just find for the defendant. Unless the plaintiff is entitled to actual damages he is not entitled to punitive damages in this case.

Take the record.

*Messrs. Lyles & Lyles,* for appellant, cite: *As to duty of passenger to examine his ticket and see that agent has given him a proper ticket:* 59 S. C. 535; 80 S. C. 420; 86 S. C. 514; 97 S. C. 161; 75 S. C. 355; 82 S. C. 483; 98 S. C. 100; 101 S. C. 11; 90 S. C. 512.   *As to charge upon facts:* 90 S. C. 423; Constitution, 1895, article V, section 26; 64 S. C. 514; 69 S. C. 327; 88 S. C. 7; 88 S. C. 421; 94 S. C. 95; 97 S. C. 153; 98 S. C. 338; 99 S. C. 397; 98 S. C. 338, 343.

*Mr. Jas. H. Hammond,* for respondent, cites: *As to duty of passenger to examine ticket:* 86 S. C. 421; 98 S. C. 100. *Failure of passenger to use ordinary diligence was not pleaded in this case:* 70 S. C. 211.   *If defendant desired the benefit of further instructions, it should have requested:* 65 S. C. 519; 69 S. C. 110.   *As to charge upon facts:* 98 S. C. 338; 87 S. C. 184; 103 S. C. 327; 88 S. C. 421; 978 S. C. 153; 101 S. C. 11; 200 S. C. 184; 99 S. C. 307; 64 S. C. 514; 69 S. C. 327; 87 S. C. 184; 86 S. C. 523-527.

June 29, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a judgment of $100 actual and $500 punitive damages based on the verdict of a jury of Richland county.

Plaintiff contended that on July 24, 1916, he went to defendant's depot in Columbia and paid the agent $2.50 for two tickets (for himself and wife) to Orangeburg; that the agent handed him a green strip of paper on which were several sections or divisions, which plaintiff assumed was a ticket for two persons; that plaintiff and his wife boarded the train, and were informed by the conductor that the ticket

10—110.

was good for only one person, attempted to explain the matter to the conductor, who refused to heed his reasonable explanation, and insisted upon plaintiff getting off near Cayce, the next station to Columbia.

Defendant contended that plaintiff paid for only one ticket, but further that, if he had paid for two, it was an inadvertent mistake of the ticket agent, easily ascertainable immediately by the plaintiff, as the ticket showed on its face it was good for only one person, and plaintiff by exercising the slightest care would have ascertained this, called it to the attention of the ticket agent and had the same corrected. The exceptions, six in number subdivided, relate solely to errors in the charge of his Honor, alleging that his Honor charged on the facts in violation of section 26, art. V, of the Constitution of the State.

The first exception complains that his Honor explicitly told the jury that the plaintiff was under no duty to read his ticket, and that this was prejudicial to the appellant, because it deprived it of the defense that the plaintiff had not reasonably exerted himself to avoid or lessen the damage and acted differently to that of an ordinarily prudent and sensible person, who would have read the ticket and discovered the mistake of the ticket agent, innocent and unconscious of the mistake. The purpose of the section of the Constitution is to prevent the trial Judge from intimating to the jury his opinion of the case what weight or credence should be given to the evidence and participating in any manner with the jury's finding of fact. This the Judge cannot do. The Judge correctly charged the law applicable to the pleadings in this case, and did not intimate to the jury what facts the evidence established, but left that entirely to the jury. The charge of the Judge was in accordance with the law as laid down by this Court in *Norman v. Railway,* 65 S. C. 519, 44 S. E. 83, 95 Am. St. Rep. 809; *Dagnall v. Railway,* 69 S. C. 110, 48 S. E. 97; *Levan v. Railway Co.,* 86 S. C. 514, 68 S. E. 770; *Smith v. Railway,* 88 S. C. 421, 70 S. E. 1057,

34 L. R. A. (N. S.) 708; *Teddars v. Railway,* 97 S. C. 161, 81 S. E. 474.    If the defendant desired the benefit of further instructions on this point, it should have requested such instructions.    Exception 1 is overruled.

Exceptions 2 and 3 complain of error on the part of his Honor in intimating and conveying to the jury the Judge's opinion that the plaintiffs had paid for two tickets, and that the ticket agent knew this, that these were stated by the Judge as being facts established by the evidence that plaintiff had made a reasonable explanation to the conductor, and conductor unreasonably declined to accept the explanation, and that this entitled the plaintiff to punitive damages without requiring the jury to find either that the alleged mistake of the ticket agent was conscious or wilful, that the explanation given the conductor was unreasonable, or that the action of the conductor was wilful, wanton or reckless. These exceptions are overruled.

His Honor's charge, taken as a whole, correctly stated the law, and did not contain any erroneous instruction to work reversible error as complained of in these exceptions.    *Tant v. Railway,* 87 S. C. 184, 69 S. E. 158; *McKeown v. Railway,* 98 S. C. 338, 82 S. E. 437; *Teddars v. Railway,* 97 S. C. 161, 81 S. E. 474; *Sanders v. Railway,* 101 S. C. 11, 85 S. E. 167.

Exceptions 5 and 6 are overruled.    His Honor fairly submitted the question of appellant's liability to the jury for them to pass upon unhampered by any intimation by him of his opinion as to whether or not the plaintiff has established his right to recover at all, and, if so, how much.    We cannot see anything in the Judge's charge that was a charge on the facts or an intimation to the jury as to his opinion of the case.

Judgment affirmed.