13499

STATE v. GREEN

(166 S. E., 359)

*Messrs. Gunter & Wilder* and *J. E. Stansfield,* for appellant,

*Mr. B. D. Carter,* for respondent,

October 31, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant was convicted in the Court of General Sessions for Aiken County of the crime of assault and battery of a high and aggravated nature. From the sentence imposed, he appeals.

It appears from the transcript of record that, when the Court opened the morning of the second day of the trial, this occurred:

"Court: Go to the jury, gentlemen.

"Mr. Gunter: Your Honor, the defendant has not arrived.

"Solicitor Carter: Well, we can go on without him, as this is a misdemeanor.

"The Court: Yes, we can go on. We will not need him here until he is ready for sentence, if he is convicted."

Again: While Mr. Busbee of counsel for the State was addressing the jury along the line of the duty of jurors to assist the Courts, judges, and solicitors in the enforcement of the laws, he was interrupted by the Court and this occurred:

"The Court: Mr. Busbee, you must have read that splendid article on jury duty, which appeared in the editorial contained in the paper· yesterday.

"Mr. Busbee: No, sir; I did not read the article, and do not know anything about it.

"The Court: Well, the editorial writer went on to say the same thing that you are arguing. He said the men who sit in the jury box are the ones who have the final say, and if they do not do their duty then the law fails. The article said that jurors are the protectors of life, liberty and property of the citizens, and they are the ones who have the final say, and all rests with the men who occupy the jury box. I certainly thought it a splendid article."

This also appears in the record: In the argument for new trial made by defendant on the ground that the remarks, in both the instances above quoted, were objectionable and harmful to defendant, as an intimation of the presiding Judge's opinion on the facts and as violative of Article 5, § 26, Constitution 1895, the solicitor said: "You will recall in Mr. Gunter's address to the jury he referred to your Honor's comment on what Mr. Busbee had to say and stated to the jury in substance that that was correct in so far as the law was concerned, and that he had told jurors that numbers of times, when he was Solicitor. He said he had not read the article but he referred to it."

The motion for new trial was refused.

The appeal states four grounds of alleged error, but they all turn upon the two propositions that it was error for the Court to say: "Yes, we can go on. We will not need him here until he is ready for sentence, if he is convicted," and because of what he said in his colloquy with Mr. Busbee in reference to the editorial article relating to the duty of jurors.

It is the position of appellant that these utterances were charges on the facts and contravene the provisions of Article 5, § 26, of the Constitution of 1895. That section is in this language: "Judges shall not charge juries in respect to matters of fact, but shall declare the law."

In the case of *Enlee v. S. A. L. Ry. Co.,* 110 S. C., 146, 96 S. E., 490, 492, Mr. Chief Justice Watts said: "The purpose of the section of the Constitution is to prevent the trial Judge from intimating to the jury his opinion of the case * * * and participating in any manner with the jury's finding of fact."

Do the occurrences upon which appellant relies show that the presiding Judge transcended the rule thus declared?

In the first remark objected to, his Honor acquiesced in the statement made that the presence of the defendant was not necessary during the argument of

counsel, as he was being tried for a misdemeanor only. True, he added, "until he is ready for sentence," but in the same breath he added, "if he is convicted."

This remark might just as well be construed as a doubt that the defendant would be convicted as an assurance that he would be convicted.

In the matter of the colloquy with Mr. Busbee, what was said by the Court was not in his charge, but, if it had been, there would be no error. His whole charge is not before us, but it is properly to be inferred that the jury was charged that the jurors must give the defendant the benefit of every reasonable doubt of his guilt, and that he could not be convicted unless his guilt was proved by the evidence beyond a reasonable doubt. If the language used by the Court in his aside remarks had been embodied in his charge, we cannot think they would have been open to the criticism levelled at them.

In *Rearden v. Insurance Co.,* 79 S. C., 526, 60 S. E., 1106, 1107 (an action against an insurance company), the presiding Judge, referring to life insurance companies, said: "They are the smartest people on the face of the globe. Let the Courts pass one rule today, and they will frame a rule to meet it the next."

It was held that these remarks occurred in a colloquy between the Court and counsel and there was no error.

In *Key v. Carolina & N. W. R. Co.,* 165 S. C., 51, 162 S. E., 582, 584, the Court charged the jury as follows: "The verdict should be 'such and what as, in dollars and cents, you think would place Mr. Key where he was before he was injured, if possible. It cannot be done, but you must do the best you can.' "

It was held that this was not a charge upon the facts, nor an intimation of the opinion of the presiding Judge.

In the case of *State v. Derrick,* 44 S. C., 344, 22 S. E., 337, 339, the Judge said in his charge: "The state does not ask for the blood of any man, but the common mother has

a hand over us all. She asks not for revenge, but she asks that the law be complied with, and that security and protection hover over us all."

· It was held there was no error.

In *State v. Teal,* 108 S. C., 471, 95 S. E., 69, 71, the Judge in his charge said: "If the defendant in this case is not guilty, then you should not convict him. But if he is guilty why not convict him?"

This Court on appeal said: "There is nothing in it which trespassed upon the facts; and there is nothing in it which suggested to the jury to find a verdict against the testimony."

In *Jackson v. Carter et al.,* 128 S. C., 89, 121 S. E., 559, 563, the Court charged: "This is not a matter of sympathy that you are dealing with, but this is a cold-blooded business proposition."

On appeal this Court said: "It is argued that this was an intimation of the Court's opinion that the cold-blooded business proposition made by the plaintiff should be sustained by the jury's verdict, and was a charge on the facts. The criticism is obviously without merit and the exception is overruled."

In the case of *State v. Freely,* 105 S. C., 248, 89 S. E., 643, 644, the Court charged the jury: "It is as much a juror's duty to find a verdict as it is to find a true one, if it can be done without the sacrifice of an honest conviction."

On appeal the case was reversed on another ground, but the above charge was affirmed because of the saving clause "if it can be done without the sacrifice of an honest conviction."

These words were uttered to a jury which had for the part of a day and all of a night had the case under consideration and had been twice called into Court by the Judge.

In the case at bar the Judge said, but not to the jury, though in its presence, "we will not need him here until he is ready for sentence, *if he is convicted.*" (Italics added.)

The opinion in the *Freely case* relieves this expression of the charge made against it.

The rulings of this Court, above cited, and others, convince us that there was no error in the particulars charged.

The judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.