14661

STATE v. PRUITT

(196 S. E., 371)

*Messrs. A. H. Dagnall* and *Harold Major,* for appellant,

*Mr. Rufus Fant, Solicitor,* for the State,

April 8, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The defendant, Mrs. L. Y. Pruitt, was tried at the September term, 1937, of the Court of General Sessions for Anderson County, upon an indictment containing two counts. The first count charged the maintenance of a nuisace under the common law. The second count charged the maintenance of a place where people were permitted to resort for the purpose of drinking alcoholic liquors and beverages, in violation of Section 1854 of the Code of Laws 1932. She was convicted on both counts, upon which sentence was pronounced

by the Court. She appeals from this judgment upon eleven exceptions.

The first three exceptions raise the issue: Did the trial Judge make himself a participant in the determination of the facts, in violation of Article 5, Section 26, of the Constitution of 1895?

The defendant was not in Court when the trial of the case was entered upon, and did not reach the courtroom until the third witness for the State was being examined. She had not retained counsel to defend her, but undertook to represent herself. When the solicitor concluded his direct examination of Ralph W. McAlister, who was on the stand when the defendant came into the courtroom, she commenced her cross examination of the witness. After she had directed several questions to this witness, the trial Judge interrupted her with this statement: "Just a minute. Maybe I had better tell you. Some of the testimony has tended to establish the fact that immoral people have been seen in there, that women of the lowest type—I am just giving you this for your information. Some of the testimony in the case has tended to show that women of low character frequent that place, have been seen there."

And after this witness had been further examined by her, the trial Judge again interrupted the interrogation, and made the following statement: "You know what you are indicted for, Mrs. Pruitt, is what is known as maintaining a nuisance. Now the average person doesn't know what a nuisance is. He ought to know, for the word defines itself, I think. But the law is that a nuisance is anything that works hurt or inconvenience or annoyance to the public generally. And some of the testimony in this case has been that that noise goes on there until three or four o'clock in the morning, and that there's cursing going on in there, and drinking, and that it's a place where immoral people resort for entertainment. Now that's the nature of some of the testimony that's been taken in your absence."

And after some colloquy between the defendant and the trial Judge, this statement was made by the Judge: "For your information I will say perhaps that one or more of the witnesses have testified they have seen anywhere from two to four couples dancing in there."

All of these statements were made in the presence of the jury, and during the course of the trial.

Counsel for the defendant insists that these remarks of the trial Judge adversely prejudiced the defendant's case before the jury, and amounted to an intimation of his opinion on the facts.

We think there is substantial merit in the appellant's contention.

It has long been recognized that even a slight remark, apparently innocent in its language, may, when uttered by the Court, have a decided weight in shaping the opinion of the jury. Vested as the trial Judge is, with superior authority, disinterested, and possessing experience not available to the ordinary layman, jurors, as a rule, are anxious to catch his view, upon which to found their conclusions.

In most jurisdictions the rule prevails, under constitutional limitations, that a trial Judge is not at liberty, in his charge, to comment on the weight or sufficiency of the evidence. As a corollary to that rule, it is generally held that in the course of the trial of a criminal case, the trial Judge must refrain from all comment which tends to indicate his opinion as to the weight or sufficiency of the evidence, the credibility of the witnesses, the guilt of the accused, or as to the controverted facts, for the jury are the sole judges of the facts and the credibility of the witnesses, and the Constitution expressly prohibits the Judge from charging them as to the facts. *Sumter Trust Co. et al. v. Holman,* 134 S. C., 412, 132 S. E., 811.

In the case of *Thomasson v. Southern Ry.,* 72 S. C., 1, 51 S. E., 443, error was assigned because the trial Judge

charged the jury, that "there is in the case evidence tending to prove that the defendant was guilty of a willful, intentional, or wanton act."

A majority of the Court held in that case that the remarks of the Judge were directly responsive to the appellant's requests to charge, and that the appellant could not complain if as a matter of fact there was some evidence tending to show a recklessness or a wanton injury. But the Court stated that it would doubtless be the best practice for the trial Judge to simply decline a request involving a charge on the facts, without making reference to the testimony. It further appeared in that case that the Judge, immediately after making the statement quoted, told the jury that it was not his intention to intimate any opinion as to the effect of the testimony.

In the case of *State v. Riley,* 98 S. C., 386, 82 S. E., 621, error was assigned because the trial Judge charged the jury, "The drift of the testimony for the defendant is that the killing was accidental; that her main defense is that this killing was an accident," thereby expressing to the jury his opinion that the defendant's testimony only drifted toward proof of accidental killing. The Court overruled this exception, saying: "Ordinarily it would not be permissible to instruct a jury that the testimony had a drift; but in this instance the drift indicated was away from guilt."

It seems to us that the word "drift," as used in the above quotation, could mean nothing more nor less than tendency to prove, or tending to establish, which were the expressions used by the trial Judge in this case in the first quotation given above. But aside from this, if his comments, embraced in the first quotation we have given, did not actually amount to an expression or intimation of opinion, still we think that all of the quoted comments taken together went too far in stating and emphasizing the testimony given by the witnesses for the prosecution; and in so doing, constituted prejudicial error.

The provision of the Constitution which forbids Judges from charging juries in respect to matters of fact has been so frequently construed and commented on that it would hardly be profitable to enter upon any extended discussion of the subject. We shall, however, refer to a few pertinent cases.

Some of the earlier cases are reviewed in *State v. Johnson*, 85 S. C., 265, 67 S. E., 453, from which we quote:

"In *State v. White,* 15 S. C. [381], 392, the Court said: 'The real object of this clause of the Constitution is to leave the decision of all questions of fact to the jury exclusively, uninfluenced by any expression of the opinion by the judge, whose position would very naturally add great weight to any opinion he might express upon any question of fact arising in a case.'

"In *State v. Howell,* 28 S. C. [250], 255, 5 S. E., 617, the court said: 'The jury must be left perfectly free in reaching a conclusion upon the testimony introduced, untrammelled by any intimation from the judge as to whether a certain fact at issue has been proved or not.'

"In *Norris v. Clinkscales,* 47 S. C. [488], 513, 25 S. E., 797, the court said: 'A judge violates this provision when he expresses in his charge his own opinion upon the force and effect of the testimony, or any part of it, or intimates his views of the sufficiency or insufficiency of the evidence, in whole or in part.'

"In *China v. Sumter,* 51 S. C. [453], 459, 29 S. E., 206, the court said: 'It must be remembered that the former provision upon this subject in the Constitution of 1868 (section 26, art. 4), allowed greater latitude to the judges than is now permitted; for then the judge was allowed to state the testimony, but now he is not allowed to do so. In construing this constitutional provision, as declared in the Constitution of 1868, it was said in the case of *State v. James,* 31 S. C. [218], at page 235, 9 S. E., 844, that, in stating the testimony as then allowed "the judge must be careful to avoid expressing, or even intimating, any opinion as to the

facts, and that if he does so, whether intentionally or unintentionally, a new trial must be granted. Under our Constitution the jury are the exclusive judges of the facts, and the true meaning and real object of the section of the Constitution above quoted is that they must be left to form their own judgment unbiased by any expressions, or even intimations, of opinion by the judge." ' "

Practically all of the later cases bearing upon this question are reviewed in *Powers v. Rawls,* 119 S. C., 134, 112 S. E., 78, 83; *Sumter Trust Co. et al. v. Holman, supra,* and *Lusk v. State Highway Dept.,* 181 S. C., 101, 186 S. E., 786.

The Court announced in *Sumter Trust Co. et al. v. Holman, supra,* that the following interpretation of Article 5, Section 26, of the Constitution as laid down in *Enlee v. Seaboard Air Line Ry.,* 110 S. C., 137, 146, 96 S. E., 490, 492, would preserve the letter of that provision and at the same time give full effect to its spirit: "The purpose of the section of the Constitution is to prevent the trial judge from intimating to the jury his opinion of the case what weight or credence should be given to the evidence and participating in any manner with the jury's finding of fact. This the judge cannot do."

The orderly conduct of causes on trial, as we have many times had occasion to say, requires that the Court should be extremely cautious not to suggest his opinion on any fact in issue, and this, whether orally during the progress of the trial, or in the form of instructions, when the evidence has all been heard.

We think it quite probable that the remarks of the trial Judge diminished very materially the defendant's chances of acquittal. The testimony to which the trial Judge referred did not deal with admitted facts, but with a material issue in the case. The defendant had made no request for any statement thereabout. However, in justice to the able and conscientious trial Judge, we should say that the record discloses that the quoted comments were evidently made in an endeavor to acquaint the defendant with

what had transpired in the courtroom in her trial before she appeared.

It is argued by the solicitor that if any error was committed, it was cured in the general charge, in which the trial Judge instructed the jury that they were the sole judges of the facts and of the weight and sufficiency of the evidence in the case. But we think that this contention is answered by this further quotation from the case of *China v. Sumter, supra,* which is approved in *State v. Johnson, supra:* "It is contended, however, that this error was obviated by the fact that the Circuit Judge in several other portions of his charge told the jury that all the questions of fact were exclusively for them. But this view cannot be accepted, for if, as we have seen, the real object of this constitutional provision was to leave all questions to the jury, to be decided according to their own judgment, unbiased by any expression, or even intimations, of opinion from the Judge, it is manifest that such object would be defeated if a Circuit Judge should be allowed to express his own opinion upon any material question of fact, and then undertake to wipe out the impression made upon the minds of the jury by telling them that all questions of fact were for them. The impression having once been made, it would be very difficult, if not impossible, thus to obliterate it, and the result would be that the jury would be more or less influenced by an opinion coming from so high a source as an intelligent Judge, whose mind had been trained to weigh testimony, and determine its force and effect, and thus the very object of the constitutional provision—to preserve the minds of the jury from being in any way influenced by the opinion of the judge as to a question of fact—would be defeated."

We do not deem it necessary to pass upon the other questions made by the defendant.

Judgment reversed, and case remanded for new trial.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Baker concur.

MR. JUSTICE CARTER did not participate on account of illness.