### 17048

THE STATE, Respondent, v. ROBERT SHACKELFORD, Appellant

(88 S. E. (2d) 778)

*A. L. King, Esq.,* of Georgetown, *for Appellant.*

*J. Reuben Long, Esq., Solicitor,* of Conway, *for Respondent,*

August 2, 1955.

LEGGE, Justice.

Appellant was convicted and sentenced in the Court of General Sessions for Georgetown County for violation of the statutes relating to the manufacture of alcoholic liquor and to its possession for unlawful purposes.

For the state, deputy sheriff Carter testified that on the afternoon of October 9, 1954, about three-thirty o'clock, in a swamp near appellant's home, he came upon appellant and two other Negro men in the act of operating a liquor still; that he watched the operation from behind a tree within 25 feet of the still; that he recognized appellant, whom he had known for several years, but did not recognize the others; that when he stepped from behind the tree and called to them they all fled; and that, having destroyed the still, he procured a warrant for appellant's arrest and arrested him that

night. The state's only other witness, deputy sheriff Wallace, testified that he had accompanied Carter to the vicinity but was some distance away, in the woods, when Carter came upon the still, and that he did not see any of the men.

For the defense, appellant was the only witness; and his testimony was to the effect that he knew nothing of the matter, and that at the time of the alleged offense he was at the home of a friend, one Lucille McCants.

In his closing argument to the jury, the solicitor commented upon the defendant's failure to offer Lucille McCants as a witness in support of his alibi, whereupon counsel for the defendant moved for a mistrial upon the ground that such argument was improper and prejudicial. This motion having been refused and the jury having rendered their verdict, the same ground was urged in support of a motion in arrest of judgment, and upon refusal of that motion, in support of a motion for new trial, which was also refused. It is the sole ground upon which this appeal is based.

Where the evidence indicates that there are witnesses, seemingly accessible to the accused, or under his control, who are or should be cognizant of material and relevant facts and competent to testify thereto, and whose testimony would presumably aid him or substantiate his story if it were true, it is not improper for the prosecuting attorney to comment upon his failure to produce them. *State v. Cook,* 204 S. C. 295, 28 S. E. (2d) 842. See also 23 C. J. S., Criminal Law, § 1099, p. 566; 53 Am. Jur., Trial, Sec. 476, p. 381.

Affirmed.

STUKES, TAYLOR and OXNER, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.