20297

The STATE, Respondent, v. Paul SIMMONS, Appellant

(229 S. E. (2d) 597)

*Henry Hammer, Esq.,* Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

October 27, 1976.

GREGORY, Justice:

Appellant, Paul Simmons, was convicted of murder in connection with a death arising while he was operating a motor vehicle, and received a life sentence. In a prior appeal from a denial of an application for post conviction relief, the judgment was affirmed. *Simmons v. State,* 264 S. C. 417, 215 S. E. (2d) 883 (1975). He was subsequently granted a direct appeal which is now before the Court posing the following questions:

(1) Whether it was prejudicial error for the trial judge to permit the solicitor to comment in argument about the failure of appellant to call his wife as a witness?

(2) Whether it was prejudicial error for the trial judge to rebuke defense counsel and threaten to place him in jail while making his closing argument, immediately after which he terminated his argument?

(3) Whether the failure of the trial judge to withdraw from the jury the issue of murder upon motion by defense counsel for a directed verdict as to this offense was error?

(4) Whether the penalty of life imprisonment for conduct causing death by the reckless operation of an automobile constitutes cruel and unusual punishment?

The solicitor during his argument to the jury commented on the failure of the appellant to produce his wife as a witness, from which it is conceded he drew an adverse inference against appellant as to his guilt. The appellant did not take the witness stand in his own behalf nor did he introduce any evidence at all. Appellant's wife was not present at the trial and it appears from the record that she was out of the State. She was neither available nor accessible for compulsory service of process. Moreover, she was not a compellable witness.

Under these circumstances we hold that it was error for the trial judge to permit the adverse inference comment. *Duckworth v. First National Bank,* 254 S. C. 563, 176 S. E. (2d) 297 (1970). Even greater caution should be exercised by the courts in permitting an adverse inference comment in criminal proceedings than in civil proceedings. *State v. Batson,* 261 S. C. 128, 198 S. E. (2d) 517 (1973). Also see 29 Am. Jur. (2d) Evidence, Section 180 at page 227:

"The rule applicable to a party who fails to call witnesses exclusively in his control does not apply to a defendant who introduces no evidence at all . . ."

During the course of closing argument by appellant's counsel the trial judge in the presence of the jury threatened defense counsel with a jail sentence, immediately after which he proceeded no further with the arguments. We hold that the remarks of the trial judge were improper and constituted manifest error. *Crenshaw v. Southern Railway Company,* 214 S. C. 553, 53 S. E. (2d) 789

(1949); *State v. Pruitt,* 187 S. C. 58, 61, 196 S. E. 371 (1938). As stated by Justice Brailsford, concurred in by Justice Bussey, in the dissenting opinion in *State v. Mitchell,* 261 S. C. 452, 200 S. E. (2d) 448 (1973):

"[t]he remarks of the court tended to impugn the credibility of counsel and to diminish him and his defense of appellant in the eyes of the jury. Counsel's ability to furnish effective representation was to that effect impaired, perhaps to appellant's serious prejudice." p. 461, 200 S. E. (2d) p. 453.

We are convinced these errors were prejudicial and the judgment of conviction should be reversed and a new trial granted.

Pursuant to the provisions of Rule 8, Section 10, of the Rules of this Court, appellant was granted permission to attack or argue against the decisions in *State v. Mouzon,* 231 S. C. 655, 99 S. E. (2d) 672 (1957) and *Simmons v. State, supra.* Appellant's arguments against these decisions, relating to questions three and four, raise constitutional issues which need not be considered, for in reversing for the reasons stated we follow the traditional practice of declining to decide constitutional questions when the record discloses other grounds of decision.

We reverse the judgment of conviction and remand for a new trial.

NESS and RHODES, JJ., concur.

LEWIS, C. J., and LITTLEJOHN, J., dissent.

LEWIS, Chief Justice (dissenting):

I am convinced that the judgment should be affirmed and, therefore, dissent.

The appellant offered no testimony and the agreed Statement contains the following summary of the facts:

The record shows that appellant was driving his vehicle at a high and excessive rate of speed while under the in-

fluence [of intoxicants]; that his wife, driving another vehicle, was following behind the vehicle of appellant; that upon rounding a curve on the highway, appellant was confronted with a vehicle proceeding along the highway in the same direction in front of him; and that while so proceeding appellant's vehicle ran into and struck the left rear bumper of the forward vehicle, causing it to be knocked down an embankment, after which it burst into flames, resulting in the death of the occupants therein.

The facts overwhelmingly support the finding by the jury that the death in question resulted from the malicious act of appellant.

It is in the light of the overwhelming proof of appellant's guilt that we consider the issues.

The first assignment of error concerns certain alleged prejudicial comments made by the trial judge to appellant's counsel during his argument to the jury. The alleged prejudicial remarks were as follows:

". . . , if you inject one other racial question before this jury I shall have you placed in jail, and I mean that, and don't you forget it. Now continue your argument."

Counsel concluded his argument to the jury immediately thereafter. It is now contended that the foregoing comments by the judge to counsel deprived appellant of a fair trial.

The record shows that appellant's counsel had previously made comments of a racial nature and had been stopped by the court. The factual statement in respondent's brief, that both appellant and the victim were white, is unchallenged, so it would appear that the trial judge's limitation of the references to race was proper.

While we think the admonition in question, if considered proper, should have been made outside the presence of the jury, we find no prejudice to appellant from the comment by the trial judge. The trial judge properly stopped counsel

from injecting irrelevant racial issues into the trial. The comment did not reflect upon counsel's integrity but was no doubt intended, and so interpreted by counsel, as simply a forceful warning to counsel that further violation of the court's prior ruling would not be tolerated. Trial counsel in this case was an able and experienced lawyer and we doubt that the comment from the judge so unnerved him that he had to cease his argument, as appellant is now implying.

Finally, it is contended that prejudicial error was committed when the solicitor made comments in his argument to the jury concerning the failure of the wife of appellant to testify. The wife was not called to testify and the record is silent as to her whereabouts at the time of trial, except for a statement by appellant's trial counsel from which it might have been inferred that she was out of the State. The record does not show the exact argument of the solicitor, but it seems to be conceded that it was intended to leave an inference that the wife's testimony would not have been favorable to appellant if she had been called as a witness.

Assuming that the reference by the solicitor to the wife's failure to testify was improper, there was no prejudice. The record, admittedly shows that appellant drove his automobile into the rear of the victim's vehicle while "driving his vehicle at a high and excessive speed while under the influence." The evidence was overwhelming that appellant was operating his vehicle upon the public highway, while under the influence of intoxicants, in such manner as to indicate an active intentional disregard of human life. There is nothing in the remarks of the solicitor, under the facts of this case, to deny appellant a fair trial.

The judgment should be affirmed.

LITTLEJOHN, J., concurs.