20525

The STATE, Respondent, v. Leonard POSEY, Jr., Appellant.

(238 S. E. (2d) 176)

*Kenneth E. Sowell,* of Greenville, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Edward B. Latimer, Asst. Attys. Gen.,* of Columbia, and *William W. Wilkins, Jr., Sol.,* of Greenville, *for Respondent,*

October 11, 1977.

LEWIS, Chief Justice:

Appellant was convicted of murder and sentenced to life imprisonment. He contends in this appeal that he should be granted a new trial because of alleged prejudicial argument of the solicitor. The material facts are brief and undisputed.

Upon his trial, appellant did not testify and presented no witnesses in his behalf. Thereafter, the solicitor, in his closing argument, was permitted, over objection, to comment upon the failure of appellant to call an eyewitness to the crime to testify and was allowed to argue that an inference adverse to appellant could be drawn therefrom. Appellant contends that this argument was prejudicial in that it deprived him of the presumption of innocence and his right to rely upon the failure of the State's evidence to prove his guilt beyond a reasonable doubt.

While of no significance in the determination of the present issue, it appears that the eyewitness and appellant were married after the commission of the crime, thus the eyewitness was appellant's wife at the time of trial. She was present in the courtroom during the trial under subpoena by appellant. We assume, without deciding, that the witness in question was exclusively within the control of appellant.

The question then to be decided is whether it was prejudicial error to permit the solicitor to comment, in argument

to the jury, upon the failure of appellant to call an eyewitness within his control to testify, where appellant had presented no evidence during the trial. We reverse upon the authority of *State v. Simmons*, 267 S. C. 479, 229 S. E. (2d) 597.

In *Simmons*, the defendant did not testify nor present any evidence and the trial judge permitted the solicitor to comment in argument upon the failure of the defendant to produce his wife as a witness. In reversing, this Court pointed out that, while the wife in that case was not an available or compellable witness, the rule, which permitted an adverse inference comment upon the failure of a party to produce a witness exclusively in his control, did not apply to a criminal defendant who introduces no evidence at all, citing 29 Am. Jur. (2d), Evidence, Section 180 at page 227.

There is sound basis for the foregoing rule. It is elementary that an accused is presumed innocent until proven guilty and that the burden is upon the State to prove that the accused committed the crime charged. An accused has the right to rely entirely upon this presumption of innocence and the weakness in the State's case against him. He would clearly be deprived of that right if an adverse inference is permitted to be indulged against him because of its exercise.

The following comment of the court in *State v. Browning*, 154 S. C. 97, 151 S. E. 233, is applicable here:

It is true, also, that the defendant did not take the stand to deny or explain the evidence adduced against him, and that he did not offer any evidence in his behalf . . . The defendant had the constitutional right to adopt these courses if he chose to do so, and neither the lower court nor this Court have the right to punish him for the exercise of either of those rights. And even if the defendant chose to remain silent at his trial, that fact did not reverse the usual rule of the law that the burden of establishing the defendant's guilt still remained on the State.

The solicitor was permitted, in argument, to draw an adverse inference from appellant's failure to produce a certain witness. This had the effect of depriving appellant of the right to offer no evidence and rely upon the insufficiency of the State's case against him. The probability of prejudicial. error, under this record, is such as to require reversal.

The judgment is accordingly reversed and the case remanded for a new trial.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.