20567

The STATE, Respondent, v. Billy BAMBERG and Willis Brown, Appellants.

(240 S. E. (2d) 639)

*Robert L. Hallman, Jr.,* of *Jenkins, Perry & Pride,* and *Michael J. Thompson,* of Columbia, *for Appellants,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Asst. Atty. Gen., Kay G. Crowe, Staff Atty.* and *James C. Anders, Sol.,* of Columbia, *for Respondent,* ▇▇▇▇▇

December 14, 1977.

NESS, Justice:

Appellants were found guilty of the murder of Billy Gene Brooks and sentenced to life imprisonment. We affirm.

The principal witness for the State was co-defendant Renee Clark, a sixteen year old eye-witness to the murder. Ms. Clark testified the deceased raped her in a motel room the evening before the slaying. The alleged incident occurred shortly after Ms. Clark's escape from Willow Lane Girls' Correctional Center.

According to Ms. Clark, after she told appellants about the rape, Kenneth Cook drove the three of them to Brooks' house. They took Brooks to a remote area near Columbia where appellants shot him.

Brooks was found dying early the following morning from multiple shotgun and pistol wounds. A deputy sheriff testi-

fied that before Brooks died he stated "Renee Anderson (*sic*) set me up with some dudes."

Initially appellants assert the trial court erred in refusing to quash the indictment against them on the ground they did not have an effective preliminary hearing.

Appellants contend they were denied an effective preliminary hearing because they could not cross-examine the State's witness, Renee Clark. After identifying appellants at the preliminary hearing, Ms. Clark began to cry and could not continue her testimony. Two continuations of the hearing were later held but appellants were unable to cross-examine Ms. Clark, as she asserted her Fifth Amendment rights and refused to testify.

We do not equate preliminary and trial testimony. If we did, the practical result might be that the preliminary hearing, designed to afford an efficient and speedy determinination of probable cause, would develop into a full scale trial. The preliminary hearing in this State is somewhat perfunctory and decidedly narrow in scope. It results in either holding the defendant for trial or dismissing the charges against him. It is not a trial in itself.

Appellants have demonstrated no prejudice from their inability to cross-examine Ms. Clark at the preliminary hearing. Section 22-5-320 of the 1976 Code of Laws of South Carolina outlines the preliminary hearing procedure and provides in part: "at which investigation the defendant *may* cross-examine the State's witness . . ." (Emphasis added). See also *State v. White,* 243 S. C. 238, 133 S. E. (2d) 320 (1963). Ms. Clark's subsequent trial testimony conformed substantially to her written statement which was made available to appellants. Moreover, appellants were able to cross-examine Ms. Clark at trial. Accordingly, appellants' exception on this ground is without merit.

Appellants next assert the lower court erred in allowing the solicitor to comment on and argue to the jury that it should draw an adverse inference

from appellants' failure to call certain witnesses to establish an alibi defense.

Appellants testified that on the night in question that they were together at the 555 Club with friends. However, few witnesses were presented to support this alibi. The trial judge held that while alibi is not an affirmative defense, the solicitor could comment in argument on the fact appellants did not present many witnesses to support their alibi.

We believe the trial judge's decision was proper. While this Court has indicated "grave doubt" about the propriety of a *charge* on the drawing of an adverse inference from failure to produce a material witness. *State v. Batson,* 261 S. C. 128, 198 S. E. (2d) 517 (1973), we have held it to be proper argument for an attorney. *State v. Shackelford,* 228 S. C. 9, 88 S. E. (2d) 778 (1955). Moreover, the judge's charge that the State had the burden of showing the appellants were present and actually participated in the crime corrected any possible misapprehension on the part of the jury.

The instant case is distinguished from the recent decision of this Court in *State v. Posey,* S. C., 238 S. E. (2d) 176 (1977), where we reversed a murder conviction because of the solicitor's comment on the failure of the defendant to produce a certain material witness. The rule established in *Posey* is that such comment is impermissible when the criminal defendant introduces no evidence at all. Here, both appellants took the stand and produced other witnesses in their behalf. Hence, the *Posey* decision is inapposite and the attorney's argument was proper. We find this exception to lack merit.

Appellants next contend the judge erred in not declaring a mistrial based on allegedly improper argument by the solicitor. The solicitor commented that the jury would not find either of the appellants in Sunday School and that they hung out at the 555 Club.

Inasmuch as the appellants testified they were at the 555 on the night of the murder, they were not prejudiced by the

solicitor's comment that they "hung out" there. Similarly, the comment regarding Sunday School is not grounds for declaring a mistrial. Whether or not an argument is improper is a matter addressed largely to the trial judge's discretion. *State v. Peterson,* 255 S. C. 579, 180 S. E. (2d) 341 (1971). There was no abuse of discretion in not declaring a mistrial under these circumstances.

Finally, appellants assert error in the trial judge's refusal to give a special instruction on the credibility of the witnesses. Although the judge charged the jury they were the judge of the witnesses' credibility and that they could believe one witness against many and only portions of a witness' testimony, he refused to instruct the jury to take into consideration the interest or bias of the witness and to observe his demeanor.

The judge's decision to refuse the additional credibility charge was within his discretion. Appellants have failed to show any prejudice resulting from his decision. Accordingly, this exception is without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.