22212

The STATE, Respondent, v. Ora COOK, Appellant.

(325 S. E. (2d) 323)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carlisle Roberts, Jr.,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

Heard Dec. 13, 1984.

Decided Jan. 15, 1985.

LITTLEJOHN, Chief Justice:

The defendant-appellant, Ora Cook, appeals his conviction of manslaughter.

The facts of the killing are as follows: On October 2, 1982, appellant's wife, Lucilla Cook, was accompanied by Tom Hardy, husband of the deceased, on a shopping trip. Upon their return to the Cook residence, an argument arose between the appellant and Mr. Hardy over Mr. Hardy's driving the Cooks' car. The altercation began in the Cooks' yard and progressed into the Hardys' yard which adjoins. The appellant lunged at Mr. Hardy with a knife and threatened to kill him. They struggled and Mr. Hardy managed to fight the appellant off with a stick. Mrs. Alice Hardy (Tom's wife), saw the two men fighting and threw a rock at the appellant to try to get him off of her husband. The appellant ran onto the Hardy's porch in pursuit of Mrs. Hardy and stabbed her with a knife three times in the chest. Mrs. Hardy ran across the street exclaiming, "I'm stabbed!" Mrs. Hardy died as a result of the wounds inflicted by the appellant.

At trial, the appellant asserted insanity as his defense. On appeal, he seeks to challenge the jury charge concerning the burden of proof for establishing insanity. Under our rule, we denied him the privilege of arguing against precedent and hereby adhere to the previous ruling on the issue in *State v. Young,* 238 S. C. 115, 119, 119 S. E. (2d) 504, *cert. denied* 368 U. S. 868, 82 S. Ct. 101, 7 L. Ed. (2d) 65 (1961), that a defendant must prove insanity by a preponderance or greater weight of the evidence.

The appellant also contends that in closing argument, the Solicitor improperly commented about Mrs. Cook's failure to testify. He argues that there was no evidence that Mrs. Cook was a material witness, and that it was misleading for the solicitor to comment on her failure to testify. We find this argument to be without merit.

The evidence revealed that the fracas occurred in the yard while Mrs. Cook was inside either her house or a neighbor's house. Her exact whereabouts are uncertain; but beyond dispute, she was in the vicinity at the time the difficulty arose upon her return from the shopping trip and during the trouble that developed promptly. It cannot be forcibly argued that she knew nothing about what was taking place in her immediate vicinity. A neighbor testified that she could hear the argument from inside her house.

More importantly, Mrs. Cook certainly knew more about

her husband's mental condition, both in general and on the day in question, than anyone else could have. She would not have qualified as a medical expert, but would have been competent to testify, as did his sister, about her husband's sanity.

We held in *State v. Hammond,* 270 S. C. 347, 242 S. E. (2d) 411 (1978), ". . . it is always proper for an attorney in argument to the jury to point out the failure of a party to call a witness." Here, the Solicitor merely commented on the fact that the appellant failed to call his wife to testify in his own behalf.

In *State v. Shackelford,* 228 S. C. 9, 88 S. E. (2d) 778 (1955), we held:

> Where the evidence indicates that there are witnesses, seemingly accessible to the accused, or under his control, who are or should be cognizant of material and relevant facts and competent to testify thereto, and whose testimony would presumably aid him or substantiate his story if it were true, it is not improper for the prosecuting attorney to comment upon his failure to produce them.

The Solicitor did not draw any conclusions from Mrs. Cook's failure to take the stand. In *State v. Simmons,* 267 S. C. 479, 229 S. E. (2d) 597 (1976), the solicitor commented on the failure of the appellant to produce his wife as a witness. There, the State conceded that the solicitor there drew an adverse inference against the appellant as to his guilt. This Court ruled that since the wife was neither available nor accessible for compulsory service of process, it was error for the trial judge to permit the adverse inference comment. Here, the appellant's wife was present at trial and available as a witness. We find no error by the trial judge in allowing the Solicitor's closing argument, and affirm the manslaughter conviction.

Affirmed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.