1654

The STATE, Respondent v. Anthony GRAY, Appellant.

(405 S.E. (2d) 420)

Court of Appeals

*Asst. Appellate Defender Robert M. Dudek* of S.C. *Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard April 15, 1991.

Decided May 6, 1991.

CURETON, Judge:

The appellant, Anthony Gray, was convicted of assault with intent to commit criminal sexual conduct in the first degree. He appeals his conviction. We reverse and remand for a new trial.

Gray was a friend of the boyfriend of the alleged victim. He sometimes gave the boyfriend a ride to work. The victim testified Gray came to her trailer early one morning and asked to use the phone. Her boyfriend had already left for work. After she allowed Gray into the house, she testified he indicated he wanted to have sex with her and attempted to assault her when she rejected his advances. She further testified Gray fled the trailer after they struggled. She thereafter contacted the police. Gray was arrested. While being transported to jail he allegedly made a statement about the incident which the State contends was a spontaneous utterance. Gray was advised of his *Miranda* rights at the jail. He did not make a statement to the police after he was advised of his rights.

At trial, Gray testified he was at the trailer but did not attempt to assault the victim. He testified he went to the trailer

to give the boyfriend a ride. He was invited inside and spent some time talking with the victim. Gray stated the victim began screaming and accusing him of rape for no apparent reason. During cross-examination the following colloquy took place between Gray and the solicitor:

Q. When you got to the police station, they read you your rights?
A. Yes, sir.
Q. And you understood them?
A. Yes, sir.
Q. And, of course, you immediately told them the story you're telling the jury right now?
A. I didn't tell them no story. I just told them I was not going to make a statement.
Q. Right. But yet, you want these ladies and gentlemen of the jury to believe you're telling them the truth?

Defense counsel objected and moved for a mistrial at that point. The trial court overruled the objection. The solicitor then asked the last question again and Gray responded the jury would have to decide the truth.

Although the State contends Gray waived the alleged error by failing to object after the first question, we find the objection to the line of questioning was sufficiently contemporaneous to preserve the error. Cross-examination by the state of the defendant for impeachment purposes on the defendant's silence after receiving *Miranda* warnings is a violation of the Due Process Clause of the Fourteenth Amendment. *Doyle v. Ohio,* 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976). The South Carolina Supreme Court has warned prosecutors against violation of the *Doyle* prohibition. *State v. Myers,* — S.C. —, 391 S.E. (2d) 551 (1990); *State v. Arther,* 290 S.C. 291, 350 S.E. (2d) 187 (1986); *State v. Truesdale,* 285 S.C. 13, 328 S.E. (2d) 53 (1984), *cert. denied,* 471 U.S. 1009, 105 S. Ct. 1878, 85 L. Ed. (2d) 170 (1985). In this case the solicitor's questions on cross-examination were directed at Gray's assertion of his right to remain silent and were obviously an effort to impeach his testimony. This was error.

The State argues any error in the cross-examination was harmless. Errors are harmless where they could not reason-

ably have affected the result of the trial. *State v. Jolly*, — S.C. —, 402 S.E. (2d) 895 (1991). This trial involved the credibility of Gray and the alleged victim. The solicitor recognized credibility was a central issue when he asked the jury in his closing argument "Who do you believe? Who do you think was telling the truth?" Gray's exculpatory story is not so totally transparent or frivolous such that the evidence of guilt against him is overwhelming. See *State v. Truesdale*, 285 S.C. 13, 328 S.E. (2d) 53. Therefore, the error was not harmless.

Given our disposition of this issue it is not necessary to consider the other issues raised by the appellant.

Reversed and remanded.

BELL and GOOLSBY, JJ., concur.