## 24108

The STATE, Respondent v. Beondi Clifford PACE, Petitioner.
(447 S.E. (2d) 186)

Supreme Court

Chief Atty. *Daniel T. Stacey,* of *SC Office of Appellate Defense,* Columbia, *for petitioner.*

Atty. Gen. *T. Travis Medlock,* Chief Deputy Atty. Gen. *Donald J. Zelenka,* Sr. Asst. Atty. Gen. *Harold M. Coombs,* and Asst. Atty. Gen. *Rakale B. Smith,* Columbia; *Solicitor Charles Molony Condon,* North Charleston, *for respondent.*

*Sue C. Erwin,* of *South Carolina Women Lawyers Ass'n,* for amicus curiae.

Heard Feb. 1, 1994.

Decided July 5, 1994.

*Per Curiam:*

We granted certiorari to review Petitioner's (Pace) conviction for grand larceny as affirmed by the Court of Appeals.[1] We reverse.

## FACTS

At trial, defense counsel asked Mr. Brown, a witness for the prosecution, "Do you have a criminal record?" The judge sus-

---

[1] *State v. Pace,* — S.C. —, 425 S.E. (2d) 73 (Ct. App. 1992).

tained the prosecution's objection, stating the question was "highly improper," then sent the jury to its room.

In camera, the judge chastised defense counsel that such a broad question amounted to a "fishing expedition," since counsel had no knowledge of any prior record against Mr. Brown.[2] During his admonishment of counsel, the judge continuously referred to her as a "nice girl" and a "pretty girl." Thereafter, evidence was introduced establishing Mr. Brown's prior conviction for petty larceny, a crime of moral turpitude for which he could be impeached.

Upon the jury's return to the courtroom, the judge made the following statement:

> The Court: All right. Now let me say what happened in this last thing and I'm going to let it calm down here. But, the question was asked, does he have a criminal record. Counsel had admitted that she did not know, it was a pitch in the dark, which is improper. And she's sorry, she's apologized to the Court.
>
> However, I ask—because the procedure is always, I think he's entitled to know that she doesn't have that information. So the Public Defender's normally, what they have to do is ask the Solicitor because they got the computer. It don't take but two or five minutes. So all they got to do is ask. Whatever, ask me and I'll see they got it there ain't no question about it. Because they're entitled to know. And as it turns out I think we can stipulate, is this agreeable? I hate to fuss at a pretty girl, fuss at an old man, but a pretty girl I hate to fuss. But it was a kind of below the belt shot. But she was doing the best, she thought. But anyhow as she gains experience—if they don't give it to her all she does have to do is ask me, and I certainly will. And she hasn't asked the Solicitor, anyhow. It was a shot in the dark which implies wrongdoing.
>
> *     *     *     *     *     *
>
> So don't hold it against her, she's a nice girl. I was young once myself, I put it to plain inexperience or whatever, but you'll get over it as you learn. So don't hold it against her. She's a nice girl.

---

[2]*See State v. McGuire*, 272 S.C. 547, 253 S.E. (2d) 103 (1979).

The Court of Appeals, although holding that these comments were inappropriate, concluded no prejudicial error resulted. Moreover, as a procedural ground, the Court noted counsel's failure to object at trial to the judge's comments. We granted certiorari.

### ISSUE

Is Pace entitled to a new trial based upon the comments made by the trial judge concerning defense counsel?

### DISCUSSION

Pace contends that the remarks in question deprived him of a fair trial. We disagree.

The trial judge must act with absolute impartiality in the performance of judicial duties. Canon 3 of Rule 501, SCACR. Reference by a trial judge to an attorney's age, gender, or competence are improper and constitute reversible error upon a showing of prejudice to the defendant. *State v. Mitchell*, 261 S.C. 452, 200 S.E. (2d) 448 (1973) (Justices Brailsford and Bussey, dissenting); *State v. Simmons*, 267 S.C. 479, 229 S.E. (2d) 597 (1976).

Here, the judge commented to the jury upon the attorney's age and gender. As the dissent stated in *State v. Mitchell*, *supra*, "[t]he remarks of the court tended to impugn the credibility of counsel and to diminish him and his defense of appellant in the eyes of the jury." 261 S.C. at 461, 200 S.E. (2d) at 453. Prejudice to Pace is evident on this record since his attorney's credibility was crucial to his defense of alibi. We hold that these remarks undermined counsel's ability to effectively represent her client and constituted reversible error.

As to counsel's failure to raise an objection, the tone and tenor of the trial judge's remarks concerning her gender and conduct were such that any objection would have been futile. Accordingly, we find no waiver of this issue. *Cf. Dunn v. Charleston Coca-Cola Bottling*, — S.C. —, 426 S.E. (2d) 726 (1993).

We reverse the conviction and remand for a new trial.

Reversed and remanded.

/s/ A. Lee Chandler A.C.J.
/s/ Ernest A. Finney, Jr. A.J.

/s/ Jean H. Toal A.J.
/s/ James E. Moore A.J.
/s/ Walter J. Bristow, Jr. A.A.J.