THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Landrecus Orlando Cowan, Appellant.
 
 
 

Appeal From Anderson County
 J. C. Buddy Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No.  2005-UP-197
Heard February 8, 2005  Filed March 18, 2005

AFFIRMED

 
 
 
 Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General S. Creighton Waters, all of Columbia; and Solicitor Druanne D. White, of Anderson, for Respondent.
 
 
 

PER CURIAM:  This appeal arises from the conviction of Landrecus Cowan for murder and possession of a firearm during the commission of a crime.  Cowan argues that hearsay was improperly admitted under the excited utterance exception and that the court improperly allowed the State to shift the burden of proof.  We affirm.
FACTS
On July 14, 2001, Maurice Holloway won a substantial amount of money while playing craps at a gambling trailer.[1] Appellant Landrecus Cowan was also at the trailer that day.  During the evening, Holloway was shot in the arm and head, and he later died in the hospital.
At trial, Deputy Darryl Hill testified he was the first officer on the scene.  Hill testified that he accompanied the victim to the hospital, and at the hospital Stanley Brownlee and Larry Stowers told him Cowan had shot the victim twice.  The defense objected to the introduction of Hills testimony concerning Brownlee and Stowers on the grounds it was hearsay.  The trial court overruled the objection, finding the statements were excited utterances and therefore fell within an exception to the rule against hearsay. 
When the defense presented its case, Cowan testified and admitted going into the trailer to place bets at the craps table; however, he claimed he was outside drinking beer with other people when the shooting occurred.  The solicitor challenged his testimony in her cross-examination as follows:

 
 STATE: Now you knew who was playing at the craps table because you were in and out; isnt that right?
 COWAN: Yes, maam.
 STATE: Where is the person that was at the craps table that saw the real shooter?  You have subpoena power, dont you?
 COWAN: I dont know.
 STATE: Well, there were a bunch of people in the trailer, werent there? 
 COWAN: Yes maam.
 STATE: And you know them.  You hang out there.  Your friends, your family hang out there, dont they?
 DEFENSE COUNSEL:  I object to this line of questioning your honor.
 THE COURT: Whats your objection?  Whats your legal objection?
 DEFENSE COUNSEL: Its a burden-shifting type question.
 THE COURT: I overrule at this time.  Go ahead, solicitor.  Do you want to rephrase your question?
 STATE: So, whos the real shooter, Mr. Cowan?
 COWAN: To me, Darius Thomas was the real shooter.
 STATE: Oh, hes the real shooter?
 COWAN: Thats what I believe.
 STATE:  I see.  But its not you?
 COWAN: No , Maam, it wasnt me.
 

At the conclusion of the trial, the court charged the jury on the law, including the statement, the burden of proof is upon the State to establish by evidence to your satisfaction the guilt beyond a reasonable doubt. . . .  The jury returned a verdict of guilty on the offenses of murder and possession of a firearm or knife during the commission of a violent crime.  Cowan was sentenced to life imprisonment for murder and five years for the weapons charge.  This appeal followed.
LAW/ANALYSIS

I.  Excited utterance
Cowan argues the trial court improperly used the excited utterance exception to admit hearsay evidence regarding his guilt.  We disagree.
"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  Rule 801(c), SCRE.  While the general rule is that hearsay evidence cannot be admitted at trial, a number of exceptions exist.  See Rules 802 and 803, SCRE.  One exception is an excited utterance.  Rule 803(c), SCRE.  An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.  Id.  
"The rationale behind the excited utterance exception is that the startling event suspends the declarants process of reflective thought, reducing the likelihood of fabrication."  State v. Sims, 348 S.C. 16, 20, 558 S.E.2d 518, 521 (2002).  For a statement to be considered an excited utterance, three elements must be met: (1) the statement must relate to the startling event; (2) it must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition.  Id. at 21, 558 S.E.2d at 521.  It is within the trial courts discretion to determine whether, under the totality of the circumstances, a statement falls within the excited utterance exception.  Id.; State v. McHoney, 344 S.C. 85, 94, 544 S.E.2d 30, 34 (2001). 
In this case, Brownlee and Stowers witnessed a shooting and death.  It cannot be seriously argued they were not impacted by a startling event.  What is argued, however, is that the statements were not made when Brownlee and Stowers were still under the stress of the startling event.  
In laying the foundation for an excited utterance, Officer Hill explained he arrived at the scene of the shooting approximately three minutes after he was dispatched to the scene, he saw people running from a trailer, and his exchange with Stowers and Brownlee took place fifteen to twenty minutes after the shooting.  Hill explained that Stowers had been crying and was real upset.  Brownlee was described as acting [n]ormal.  Maybe a little agitated, maybe.  Hill also testified that in his experience people respond to tragic events in different ways.  The demeanor of Stowers supports the trial courts decision to allow the evidence because it suggests Stowers was still impacted by the shooting.  
Whether Brownlee, who was acting normal or a little agitated, was still under the stress of the event is a closer question.  However, the declarants demeanor is not the only circumstance to consider; the court should also look to the severity of the startling event.  Sims, 348 S.C. at 22, 558 S.E.2d at 521.  Considering Browlee witnessed a fatal shooting within thirty minutes of his statement, we do not believe the trial judge abused his discretion by allowing the statement into evidence.
II.  Burden shifting
Cowan also argues the trial court erred by allowing the State to improperly shift the burden of proof.  We disagree.
While being cross-examined, Cowan admitted he knew the people who were playing craps with the victim.  The solicitor asked Cowan: "Where is the person that was at the craps table that saw the real shooter?  You have subpoena power, dont you?"  The defense objected to the line of questioning, arguing it shifted the burden of proof onto the defense.  The trial court overruled the objection, and the solicitor next challenged Cowan to name the real shooter.  Cowan argues these questions constituted impermissible burden-shifting.[2]  
It is the burden of the State to establish each element of each offense by proof beyond a reasonable doubt.  In re Winship, 397 U.S. 358 (1970). A shifting of the burden of proof would impose a significantly greater onus on the defendant and, even more significantly, it would obliterate the presumption of innocence.  State v. Attardo, 263 S.C. 546, 552, 21 S.E.2d 868, 870 (1975).  Ordinarily, the trial court should instruct the jury not to draw inferences from the defendants failure to call witnesses.  Douglas v. State, 332 S.C. 67, 71, 504 S.E.2d 307, 309 (1998).  However, where . . . the defendant presents evidence at trial, and there are witnesses, seemingly accessible to the accused, or under his control, who are or should be cognizant of material and relevant facts and competent to testify thereto, and whose testimony would presumably aid him or substantiate his story if it were true, it is not improper for the prosecuting attorney to comment upon [defendants] failure to produce them.  Id. (quoting State v. Shackelford, 228 S.C. 9, 11, 88 S.E.2d 778, 779 (1955)) (brackets in original).  Cf. State v. Posey, 269 S.C. 500, 504, 238 S.E.2d 176, 177 (1977) (prohibiting the State from telling the fact-finder to draw a negative inference when the defendant fails to present any evidence at trial).
In Douglas v. State, an appeal from a post-conviction relief hearing, Douglas argued the trial court erred in refusing to give a curative instruction after the solicitor referred to his failure to call certain witnesses.  332 S.C. at 70, 504 S.E.2d at 308. During the States closing argument, the solicitor stated, One thing they short me on is I didnt put these officers up.  Well, I tell you one thing, they can call witnesses just like I can. Defense counsel objected, but the trial judge refused to give a curative instruction.  Our supreme court affirmed, finding the solicitors argument was proper because Douglas had produced other witnesses. Id. at 71, 504 S.E.2d at 309.  Likewise, in State v. Bamberg, our supreme court found no error in allowing the State to comment on the defendants failure to call witnesses to establish his alibi defense.  270 S.C. 77, 80-81, 240 S.E.2d 639, 640 (1977); see also Shackelford, 228 S.C. at 9, 88 S.E.2d at 779 (allowing comment regarding defendants failure to call alibi witness).
In this case, Cowan also produced other witnesses on his behalf.  Thus, it was not improper for the solicitor to comment on Cowans failure to produce the individuals who were playing craps with the victim and whose testimony would substantiate Cowans story if it were true.  Additionally, the trial judges jury charge explained that the State had the burden of proving Cowans guilt, thereby mitigating any possible confusion caused by the solicitors cross-examination.  Accordingly, Cowans convictions are
AFFIRMED. 
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.       

[1] The "gambling trailer" was a modified mobile home where people gathered to play cards, drink alcohol, and socialize.
[2] In addition to claiming Cowans argument has no merit, the State argues this issue is not preserved for our review.  However, we find defense counsels objection was sufficiently contemporaneous to preserve the error.  See State v. Gray, 304 S.C. 482, 484, 405 S.E.2d 420, 421 (Ct. App. 1991).