THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 The State of South Carolina, Respondent,
 v.
 Tyrelle Davis, Appellant.
 
 
 

Appeal From Richland County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-316
 Heard May 31, 2006  Filed August 4, 2006   

REVERSED AND REMANDED

 
 
 
 William T. Toal, of Columbia, for Appellant. 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Warren B. Giese, of Columbia, for Respondent.
 
 
 

KITTREDGE, J.:   A jury convicted Tyrelle Davis of assault and battery with intent to kill.  Davis seeks a new trial, arguing the trial judge improperly limited cross-examination of the States witnesses and improperly commented on defense counsels performance.  We find the trial judges comments to defense counsel[1] in the presence of the jury were improper and deprived Davis of a fair trial.  We reverse and remand.
I.
On July 1, 2004, a youth approached Christopher Perry, the victim, and asked to purchase sixty dollars worth of crack cocaine.  According to Perry, he obtained the drugs from Davis with the understanding that Perry would keep twenty dollars of the proceeds from the sale.  Perry then attempted to sell the drugs to the youth, but the youth refused to buy them.  Perry was unable to sell the crack and did not have any proceeds from a sale when Davis came for his money.  Perry offered to give the drugs back to Davis, but, again according to Perry, he did not want the drugs.  Perry testified that Davis started to leave but then turned back to face Perry with a pistol.  As Perry attempted to get away, he was shot in the back.  There were material discrepancies between Perrys testimony and his initial statement to law enforcement.         
II.
Davis argues the trial judge erred by improperly limiting the cross-examination of the States witnesses and making highly inappropriate comments in the presence of the jury which deprived him of a fair trial.  After carefully reviewing the record, we find the trial judges alleged errors in limiting Daviss cross-examination do not rise to the level of reversible error.  We nevertheless find the trial judges comments in the presence of the jury about defense counsels ethics and competence crossed the line and deprived Davis of a fair trial. 
During the States direct examination of Perry, Perry was clearly in custody, as he wore an orange suit and handcuffs.  The State sought to explain to the jury why Perry was in prison garb.  Upon questioning by the solicitor, Perry explained he had pending charges for crack.  Perry also had a pending charge of financial card theft.  Because the State opened the door concerning Perrys pending charges, defense counsel attempted to cross-examine Perry regarding the pending financial card theft charge.  The trial judge, however, sustained the States objection, stating defense counsel could not question Perry about a non-adjudicated charge.    
Defense counsel then asked Perry if he would like to hold his RAP sheet, and Perry replied that he did not.  Defense counsel asked, Are you embarrassed by [your RAP sheet]?  The solicitor objected, and the trial judge sustained the objection, stating, Sustained.  Mr. Davis, dont -- let me tell you something, Sir.  I dont . . . . Mr. Davis, this isnt some crime drama on TV.  You know thats not proper.   
During direct examination, Perry offered his view about the evils of drugs.  On cross-examination, defense counsel attempted to pursue the matter by asking, Well, why would you be out there trying to sell crack cocaine to some innocent person if you believe crack cocaine is so bad?  The trial judge sustained the solicitors objection to this question, and stated, Mr. Davis, thats not a proper area of inquiry.  Move onto another question.  
The trial judge erred in failing to allow defense counsel to cross-examine Perry on the financial card theft.  [W]hen a party introduces evidence about a particular matter, the other party is entitled to explain it or rebut it, even if the latter evidence would have been incompetent or irrelevant had it been offered initially.  State v. Foster, 354 S.C 614, 623, 582 S.E.2d 426, 431 (2003) (alteration in original) (quoting State v. Beam, 336 S.C. 45, 52, 518 S.E.2d 297, 301 (Ct. App. 1999)).  The State purposefully questioned Perry about his then current status as a prisoner.  When Perry was not forthright about the reasons for his detention, the door was opened to further examination on the matter.  Similarly, the door was opened to questions regarding the fact that Perry sold drugs.  The same result should follow Perrys self-serving testimony about the evils of drugs.  Standing alone, however, we find these errors harmless.  These rulings could not by any stretch be deemed to rise to the level of reversible error.  See State v. Sherard, 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991) (noting that appellate courts will not set aside convictions due to insubstantial errors not affecting the result). 
The trial judge correctly sustained the States objection to defense counsels question regarding whether Perry was embarrassed by his RAP sheet.  The question was improper and the answer would have been irrelevant.
It is the trial judges gratuitous comments directed at defense counsel that give rise to the reversal of Daviss conviction and sentence.  A trial judge must act with absolute impartiality in the performance of judicial duties.  State v. Pace, 316 S.C. 71, 74, 447 S.E.2d 186, 187 (1994) (citing Canon 3, CJC, Rule 501, SCACR).
In Pace, the trial judge referred to defense counsel as a pretty girl and a nice girl in the presence of the jury.  Pace, 316 S.C. at 73, 447 S.E.2d at 187.  This court found the comments concerning counsels gender inappropriate, but affirmed Paces conviction, concluding the error was not prejudicial.  The supreme court granted certiorari and reversed, holding that [r]eference by a trial judge to an attorneys age, gender, or competence is improper and constitutes reversible error upon a showing of prejudice to the defendant.  Pace, 316 S.C. at 74, 447 S.E.2d at 187.  Our supreme court concluded that the gender related comments deprived Pace of a fair trial.
We believe a fair reading and application of Pace requires reversal here.  If the condescending comments concerning counsels gender crossed the line in Pace, then we believe the repeated comments concerning Daviss counsels competence and ethics also crossed the line. 
If the trial judge had only made one improper comment, we would not find prejudice, because a criminal defendant is entitled to a fair trial, not a perfect one.  See, e.g., State v. Johnson, 334 S.C. 78, 93, 512 S.E.2d 795, 803 (1999).  Unfortunately, the trial judge continued throughout the trial to make demeaning comments to defense counsel in the presence of the jury, while remaining on an even keel with the solicitor.  
When defense counsel cross-examined Perry regarding inconsistencies between his written statement and his trial testimony, defense counsel stated, You want to correct yourself every time.  The trial judge sustained the States general objection and further stated:

 Look, let me tell you.  Stop all of this, because -- as I told you all, Ive been on a lot of cold medicine this weekend, and my patience is about to wear out with this kind of stuff.  Now, were under certain rules as counsel about conducting ourselves in court with witnesses.  Im going to remind both sides about that.  Im going to leave it at that.  But Im going to remind both sides once again about our code of ethics for treating witnesses and comments that are proper and not proper in front of a jury.

Again, our concern lies not with the underlying evidentiary ruling, but the trial judges comments.  Those additional comments in the presence of the jury were highly improper.  Although the judge stated he was directing his comments at both defense counsel and the solicitor, it is clear he was only chastising defense counsel.  His comments inappropriately speak to defense counsels perceived lack of ethics and competence as a lawyer.  
The State in its final brief seeks refuge in the contention that the judges comments were directed to both sides.  Respt Br. at 12.  The States effort to soften the blow of the judges chastising comments finds no traction in the record.  Rather, the record shows the trial judge never challenged the competence or ethics of the prosecuting attorney.[2]
During the direct examination of the investigating officer by the State, the officer was allowed to speculate as to how Perrys statement could say that four people shot at him (and thus explain an inconsistency in Perrys statement), over defense counsels objection.[3]  Later, however, defense counsel was not allowed to question the investigating officer regarding other inconsistencies in the report:

 Defense counsel:  Okay.  All right.  And would it be fair to say in this report that Ive been trying to hand you for about the last thirty minutes, it has no permanent ---
 Solicitor:    Objection, Your Honor.
 The Court:  Sustained.  Mr. Davis ---
 Defense counsel:  Ill move on, Your Honor.
 The Court:  All right.  No more talk about TV shows and all.  Now, weve gone over this same thing over and over again.  As long as I recall and Im sure as long as you can recall, police incident reports are inadmissible.  You know that.  I know that.  Lets move on.  

At this point the ruling had been made.  Then, after further discussion the trial judge stated:

 Mr. Davis, you know as well as I know that because hes the lead investigator does not mean that hearsay comes in.  Now, I dont know how they do things down in Moncks Corner.  But up here we do try to go by the rules of evidence.

We hold the trial judges comments to defense counsel were improper, prejudiced Davis, and constitute reversible error.  As stated in Pace, [t]he remarks of the court tended to impugn the credibility of counsel and to diminish him and his defense of appellant in the eyes of the jury.  316 S.C. at 74, 447 S.E.2d at 187 (1994) (quoting State v. Mitchell, 261 S.C. 452, 461, 200 S.E.2d 448, 453 (1973) (Justices Brailsford and Bussey, dissenting)).
Davis chose not to testify at his trial and contends that he made this decision so that defense counsel could offer the closing argument.  Just as the prosecutors credibility in the eyes of the jury is important, so is a defense attorneys credibility.
We are sensitive to the substantial discretion accorded trial judges in the conduct of a trial.  The vagaries of litigation demand appellate deference to the burdens trial judges face daily from the bench.  Those very burdens, however, oftentimes require that trial judges exhibit extraordinary patience and restraint, especially in the presence of the jury.  When a judge impugns a defense attorneys competence or ethics in the presence of the jury, the integrity of the process is undermined and, when prejudice is shown, the defendants right to a fair trial is destroyed.  Here, the totality of the trial judges demeaning comments clearly and substantially diminished defense counsels credibility by implying counsel was incompetent and unethical.  
Although defense counsel failed to raise an objection to the trial judges comments, we find the tone and tenor of the trial judges remarks . . . were such that any objection would have been futile.  Pace, 316 S.C. at 74, 447 S.E.2d at 187.  The circumstances of this case present an established exception to the general rule of issue preservation.  It is certain any challenge to the trial judges improper comments would have been overruled.  In fact, the trial judges remarks would have caused a reasonable attorney to believe that any objection would have resulted in a sanction.  Outside the presence of the jury, the trial judge informed defense counsel: I dont know if you know, Sir, but I dont have a problem at all with fining a lawyer or jailing a lawyer, and I dont mind imposing sanctions. . . . Sometimes I tend to be a little heavy handed in that.  After additional admonishment, the trial judge made certain defense counsel understood his position by asking, Are you and I clear?  Defense counsel responded, Clear, Your Honor.  It would be unreasonable to expect a lawyer to further challenge a trial judge after having been threatened with a fine or jail under these circumstances.  Further objection would have been futile.
We find the essential guarantee of a fair trial was infringed, and we reverse the conviction and remand for a new trial.
 REVERSED and REMANDED.
 WILLIAMS, J., concurs.
SHORT, J., dissents in a separate opinion.
 SHORT, J. (dissenting):  I concur with the majority that the trial judges alleged errors in limiting defense counsels cross-examination do not rise to the level of reversible error, however, I must respectfully dissent since I find the trial judges comments did not deprive the appellant of a fair and impartial trial.
The judges comments must be considered in the context in which they were made. Although the majority acknowledges that the judge directed his comments to both defense counsel and the solicitor in regard to the ruling wherein he referred to a code of ethics for attorneys to follow in treating witnesses and making comments, they contend the record shows he was not challenging the competence or ethics of the prosecuting attorney and he was only chastising defense counsel. The majority concludes the trial judges comments inappropriately speak to defense counsels perceived lack of ethics and competence as a trial lawyer. I disagree. These comments by the judge were in response to the statement by the defense counsel during cross-examination that witness Perry wanted to correct himself every time, and were directed at the defense counsel and the solicitor. By directing his comments to both defense counsel and the solicitor, the judge avoided any prejudice toward the appellant or his trial counsel.
Most of the alleged improper comments by the trial judge were in response to defense counsels improper or inappropriate questions and comments. Likewise, most of the instances involving alleged prejudicial comments involved the trial judges ruling on specific evidentiary matters. Simply ruling against appellant on evidentiary matters does not constitute prejudicial error. See State v. Cooper, 334 S.C. 540, 547, 514 S.E.2d 584, 587 (1999). Defense counsel effectively cross-examined the victim and the investigating officer. He ably brought out the inconsistencies between the victims written statement and his trial testimony. The credibility of the victim was the real issue in this case and the trial judges comments, when considered in the light of the context in which they were made, did not diminish defense counsels credibility to the extent that the appellant was denied a fair trial.
After reviewing the statements made by the trial judge in the presence of the jury, I am unable to find any prejudice towards the appellant.  Generally there is no prejudice to the rights of a defendant when the trial courts hostile comments are made outside of the jurys presence.  See Graves v. State, 309 S.C. 307, 311, 422 S.E.2d 125, 127 (1992).  The conduct of a criminal trial is generally left to the sound discretion of the presiding judge, and the appellate court will only interfere when it clearly appears that the rights of the complaining party were abused or prejudiced in some way. Cooper at 547, 514 S.E.2d at 588 (citing State v. Bridges, 278 S.C. 447, 298 S.E.2d 212 (1982)). Therefore, I dissent from the majoritys decision to reverse the trial court.

[1]  Appellate counsel did not represent Davis at trial.
[2]  The following are comments of the trial judge directed to defense counsel outside the jurys presence: Youre about to wear out your welcome; I dont know if were seeing eye to eye yet or not.  I suspect if we dont, I feel comfortable Ive given you fair enough warning; Again, let me just make it clear that your problem is not whether youre here or in Moncks Corner or somewhere else.  All right.  Theres a code of ethics that we all have to abide by. . . . And your behavior this afternoon in my court -- I think its fairly clear -- falls very short of that; I dont know if you know, Sir, but I dont have a problem at all with fining a lawyer or jailing a lawyer; and I dont mind imposing sanctions. . . . Sometimes I tend to be a little heavy handed in that.  These comments (outside the jurys presence) do not impact our decision to reverse.  State v. Cooper, 334 S.C. 540, 546, 514 S.E.2d 584, 587 (1999) (there is generally no prejudice when the trial courts hostile comments are made outside the jurys presence).  The point is the solicitor was not subjected to these or similar comments.
[3]  Whether the trial judge erred in admitting the officers speculative testimony is not properly before this court as the issue was not preserved for our review.  We merely highlight this ruling to illustrate the disparate treatment accorded defense counsel, especially when defense counsel sought to question the officer about inconsistencies in Perrys statement.